## STEWART v. UNITED STATES.
### No. 10340.

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1942.

Rehearing Denied Jan. 16, 1943.

Jack Crenshaw, of Montgomery, Ala., and W. L. Lee, of Dothan, Ala., for appellant.

Thos. D. Samford, U. S. Atty., and Hartwell Davis, Asst. U. S. Atty., both of Montgomery, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Monroe J. Stewart was found guilty of conspiracy to violate certain sections of the internal revenue laws relating to liquor and Sections 250 and 251 of Title 18 of the United States Code Annotated. This appeal seeks to reverse the sentence pronounced upon the verdict. It is contended that the indictment was duplicitous and too indefinite to acquaint appellant with the precise charges against him; that improper evidence was admitted over appellant's objection; and that he should not have been convicted upon the uncorroborated testimony of a coconspirator.

The indictment set forth with care the nature of the conspiracy, the period of time covered by it, the participants therein, the statutes to be violated, and twenty-eight overt acts in furtherance of the conspiracy. An indictment is not duplicitous because it alleges a conspiracy to commit two or more distinct offenses of the same general character. The demurrer was properly overruled.[1]

In two instances the court admitted evidence over the objections of appellant, but, as no grounds were stated in support of the objections, we do not consider them.[2] The most damaging evidence against appellant was the testimony of a coconspirator whose reputation for veracity was not good and whose story was vigorously contradicted; but this testimony alone does not present the case in its true light. The prosecution introduced a host of witnesses whose fragmentary contributions of proof corroborated, and were corroborated, by, the testimony of the coconspirator. So clear and substantial was the proof thus presented that, despite the reputation of

---

[1] Schefano v. United States, 5 Cir., 84 F.2d 513.

[2] Rule 46 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Moore's Federal Practice, Vol. 3, pages 3089, 3090.

the crucial witness, appellant's guilt was established beyond a reasonable doubt.

We find no reversible error in the record, and the judgment appealed from is affirmed.