390 P.2d 849

**E. J. DOBBERTIN, Sr., Individually and as Next Friend of Edward J. Dobbertin, Jr., a minor, Appellant,**

**v.**

**Cecil JOHNSON and Jane Doe Johnson, his wife, Appellees.**

**No. 7158.**

Supreme Court of Arizona.

In Division.

March 25, 1964.

Rehearing Denied April 21, 1964.

Snell & Wilmer, and Roger W. Perry and Donald R. Kunz, Phoenix, for appellant.

Stockton & Aldrich and Robert Ong Hing, Phoenix, for appellees.

JENNINGS, Justice.

This was a suit to recover damages for personal injuries sustained by plaintiff's son when he was struck by defendant's automobile on June 21, 1958. The jury returned a verdict for defendant and from the denial of his motion for a new trial, plaintiff now appeals.

Briefly stated, the facts are as follows. As defendant was driving north on 34th Avenue in Phoenix, he noticed a large "transit-mix" type concrete truck parked in plaintiff's driveway on the west side of the street. He testified that the front wheels of the truck were about even with the curb line of 34th Avenue and, as he passed the truck, he was watching it closely, apprehensive that it might suddenly move out into the street. When he looked back in front of his car he observed plaintiff's two-and-a-half year old son directly in his path not more than three feet away. Before he could stop or take any avoiding action, the boy was struck, knocked down and injured.

Plaintiff complains that the court below improperly admitted testimony of the police officer who later investigated the scene, that he found no "evidence of any improper driving or parking or any other driver's violation." This statement, it is argued, amounted to an opinion of the witness, was conclusory and invaded the province of the jury.

The "ultimate question," of course, was whether plaintiff could recover. Obviously, no witness could be permitted to state his views on that matter. Any other rule would run counter to the most basic notions concerning trial by jury. As a matter of policy, the law imposes liability for injuries arising out of certain factual circumstances. The jury is so instructed and their function is then to determine whether the necessary circumstances exist. Witnesses may testify only to such subsidiary or extrinsic facts as are reasonably subject to objective and accurate perception by observers. Duncan v. Mack, 59 Ariz. 36, 122 P.2d 215 (1942); Burch v. Valley Motor Lines, Inc., 78 Cal.App.2d 834, 179 P.2d 47 (1947). If the defendant here was "negligent," that is, in violation of his legal obligation to exercise reasonable care toward plaintiff, and plaintiff's injuries resulted from such negligence, then defendant was liable.

Even in the most extreme cases, however, "negligence" cannot be considered so susceptible of objective and accurate perception as to be the proper subject of opinion evidence. See Lee Moor Contracting Co. v. Blanton, 49 Ariz. 130, 65 P.2d 35 (1937), where we declared that "it is not competent for a witness to express an opinion, conclusion or judgment" on the question whether defendant was "careless, reckless or negligent." The reason lies in the nature of the negligence concept. It exists when defendant fails to exercise that degree of care which a "reasonable" or "ordinary" man would exercise in the same situation. Downs v. Sulphur Springs Valley Elec. Coop, Inc., 80 Ariz. 286, 297 P.2d 339 (1956); Tucker v. Collar, 79 Ariz. 141, 285 P.2d 178 (1955). An individual witness might be more or less careful than the reasonable man. But his personal standards of conduct are not the measure of defendant's responsibility. The jury, on the other hand, being themselves men of experience and representing a cross-section of the community, are eminently well-equipped to determine whether this legal standard was satisfied.

In certain instances, it is true, an expert opinion on negligence *vel non,* is permitted. Medical malpractice suits are, perhaps, the most common. See e. g. Sinz v. Owens, 33 Cal.2d 749, 205 P.2d 3, 8 A.L.R. 2d 757 (1949). The degree of care in such cases, however, is generally that which may reasonably be expected, not of the prudent

or "reasonable" man, but of the reasonably prudent medical practitioner under like circumstances. Acton v. Morrison, 62 Ariz. 139, 155 P.2d 782 (1945). The test thus involves matters of expertise and professional skill beyond the ken of the jury. Even at that, the opinion is solicited through a hypothetical question, assuming facts which the jury may or may not find true.

Applying these principles to the case at bar, we think it was error to admit officer Burnett's testimony. There is no important distinction between a statement that defendant was not negligent and one, as here, that there was no "improper" driving. Defendant's improper operation of the automobile was the essence of the claim against him. Whether the extrinsic facts presented were "evidence" of negligence, or sufficiently persuasive to justify a finding thereof, was strictly within the province of the jury.

■ Moreover, while police officers may qualify to give expert testimony on certain issues, Gray v. Woods, 84 Ariz. 87, 324 P.2d 200 (1958), it does not necessarily follow that they are competent to give an opinion on the bare issue of negligence. Indeed, the test being the degree of care exercised by ordinary men, close familiarity with hazardous traffic conditions might so influence police officers' notions of safe conduct as to make them more than "reasonably" cautious in their driving habits. We should be extremely reluctant to impose the personal

standards of traffic experts on the driving public generally. In Lee Moor Contracting Co. v. Blanton, supra, we held it improper for a highway engineer to give an opinion on negligence and the same rule applies with equal force in this case.

■ The remaining question is whether the error was prejudicial. A strong possibility exists that the jury was influenced by Burnett's testimony. He was the only impartial witness who examined the scene. Very likely, too, as a police officer, he occupied a "prominent place in the minds of the jurors." Lee Moor Contracting v. Blanton, supra. For these reasons, the case must be reversed and remanded to the lower court with directions to grant plaintiff's motion for a new trial.

Because other assignments of error present issues which will arise on retrial, we consider them here for the purpose of directing the trial court in its disposition thereof and for the purpose, also, of avoiding a second appeal on the same matters.

■ The first of these concerns the following testimony by defendant:

"Q   Do you know of any driving violation you may have engaged in?

\*     \*     \*     \*     \*     \*

"A   No, not that I know of."

In substance, the testimony amounted to a statement by the witness that his manner of operating the automobile was, to the best

of his knowledge, within legally prescribed limits. Such declaration was objectionable as irrelevant. Whether the particular actions of defendant were legally permissible is a conclusion for the court or, under proper instructions, for the jury. Nichols v. City of Phoenix, 68 Ariz. 124, 202 P.2d 201 (1949). Defendant could properly testify to the specifics of his conduct when the collision occurred, but whether or not he was aware, or "knew," of the legal effect of such acts was of no importance to the issues in the case. It was thus error to permit him to state his views over appellant's objection.

It is doubtful that plaintiff's cause was prejudiced by this testimony. As the opinion of an interested party, on a subject obviously beyond the range of his competence, it was probably accorded no more weight than that to which it was entitled. But because the case is reversed on other grounds, we point out the error to avoid its duplication on retrial.

■ We point out also that whether defendant's conduct violated the law was not the "ultimate fact" involved as appellant suggests. That question, as we earlier observed, was whether defendant was liable, which in turn rested on the issue of negligence. While this court has consistently held that breach of a statute or traffic ordinance amounts to negligence *per se,* Caldwell v. Tremper, 90 Ariz. 241, 367 P.2d 266 (1962); Deering v. Carter, 92 Ariz. 329, 376 P.2d 857 (1962), such breach cannot be considered a *sine qua non* of negligence. The jury could, therefore, find negligence and impose liability absent any violation whatever.

■ Appellant likewise argues that an instruction on "imminent peril" was improperly given. The court directed the jury:

"A person who without negligence on his part is suddenly and unexpectedly confronted with peril * * * is not expected or required to use the same judgment and prudence that is required of him * * * in calmer and more deliberate moments."

It was error to give this instruction because the uncontradicted evidence clearly shows that defendant first saw the child when he was only two or three feet from his car, while traveling at a speed of approximately twenty miles per hour. At that point there was obviously no opportunity for him to exercise any judgment or prudence whatever, to avoid the collision.

■ While no cases in this jurisdiction deal with the question, it is generally held improper to instruct on "imminent peril" unless the evidence supports a finding that two or more alternate courses of action were open to defendant. The court in Staggs v. Atchison, Topeka & Santa Fe Ry. Co., 135

Cal.App.2d 492, 287 P.2d 817 (1955), reversing a verdict for defendant on the ground that such an instruction was error, said in part:

> "The record * * * shows without conflict that defendant's agents, after Donald's peril was observed, could not have avoided the accident or in any manner have lessened his injuries. The instruction on imminent peril is inapplicable for that reason. The jury had a right to assume that the court deemed it to be applicable to the issues being tried or the court would not have so instructed them. The giving of that instruction may have misled and confused the jury * * *."

The same reasoning was employed in Perry v. Piombo, 73 Cal.App.2d 569, 166 P.2d 888 (1946). Similarly, we think that no justification for the instruction is presented by the record in the case at bar and that it was therefore improperly given.

■ Finally, it is urged that the court erred by instructing on the doctrine of "unavoidable accident." Appellant's position is that, absent evidence which tends to show that the accident could have happened without negligent conduct by one of the parties, such an instruction is error. This view, he argues, is supported by our holdings in Beliak v. Plants, 84 Ariz. 211, 326 P.2d 36 (1958), and Gray v. Woods, 84 Ariz. 87, 324 P.2d 220 (1958).

In light of the antecedent conduct of defendant in looking away from the street to watch the cement truck, and on authority of Mitchell v. Colquette, 93 Ariz. 211, 379 P.2d 757 (1963), we are of the opinion that the instruction on unavoidable accident had no application in this case and should not have been given.

For the reasons stated, the judgment is reversed and the cause remanded for retrial.

Reversed.

UDALL, C. J., and STRUCKMEYER, J., concur.