409 P.2d 757

Graciela SERRANO, an unmarried woman, Appellant,

v.

KENNETH A. ETHRIDGE CONTRACTING COMPANY, an Arizona Corporation, Appellee.*

No. 2 CA–CIV 27.

Court of Appeals of Arizona.

Jan. 18, 1966.

Whitehill, Feldman, Scott & Berger, by Stanley G. Feldman, Tucson, for appellant.

Chandler, Tullar, Udall & Richmond, by Robert S. Tullar, Tucson, for appellee.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7556. The matter was referred to this Court pursuant to A.R.S. § 12-120.23.

KRUCKER, Chief Judge.

The appellant sought an award of damages for personal injuries suffered in an automobile accident which, she claimed, the appellee's negligence had caused. The appellee was constructing a state highway. A panel truck, in which the appellant was a passenger, ran off the road because its driver wished to avoid going through an obstruction that the appellee had placed on the road but had failed to construct or illuminate in accordance with the requirements of the Arizona State Highway Commission's manual and specifications as to traffic devices on construction work. The trial judge's instructions to the jury and his denial of the appellant's motion to set aside the judgment on the jury's verdict for the defendant and to grant a new trial have been assigned as error.

In the discussion which follows the narration of the evidence is limited to the portions that are relevant to the questions of law involved in this appeal.

Before the appellee had constructed the new highway in the area where the accident occurred there was an existing road which, with another existing road, formed a "Y" shaped intersection, running north and south. The state highway which the appellee was constructing converted this fork of the two existing roads into a diagonal, or "X" shaped, intersection, approximately 150 feet long. The new highway became the northwesterly portion of one of the diagonals, of which the existing highway was the southeasterly portion of the same diagonal. The appellee had placed a "road closed" sign on either the new road, some distance north of the intersection, or on the northwesterly end of the intersection itself, in a position that partly obstructed the road for north-bound traffic.

The Arizona State Highway Commission, in accordance with authority granted it by A.R.S. § 28–641, had adopted for the protection of the public a Manual of Traffic Control Devices for Highway, Construction and Maintenance Work. Its contract with the appellee for the construction of the new highway required compliance with this Manual.

■ Appellee's failure to comply with the requirements of the Manual may be actionable negligence under the rule which imposes liability " * * * Where a valid statute, enacted for the public safety, or governmental regulations made in pursuance thereof, provide that a certain thing must or must not be done, if a failure to comply with the regulations is the proximate cause of injury to another, such failure is actionable negligence per se. * * *" Salt River Valley Water Users' Association v. Compton, 39 Ariz. 491, 496, 8 P.2d 249, 251 (1932); Sisk v. Ball, 91 Ariz. 239, 371 P.2d 594 (1962); Caldwell v. Tremper, 90 Ariz. 241, 367 P.2d 266 (1962); Pratt v. Daly, 55 Ariz. 535, 104 P.2d 147, 130 A.L.R. 341 (1940).

The driver of the truck was unable to see the "road closed" sign until it was too late to stop. In order to avoid going beyond it he turned the truck to the right, hoping to drive on to the northeastern continuation of the intersection, but instead drove over an embankment.

The Restatement of the Law Second, Torts 2d, states the following rules by which to determine the legal effect of the driver's actions on the question of whether or not the appellee's negligence was the proximate cause of the appellant's injuries:

"§ 435. Foreseeability of Harm or Manner of Its Occurrence

(1) If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable.

\*    \*    \*    \*    \*    \*

Comment:

(a) The fact that the actor, at the time of his negligent conduct, neither realized nor should have realized that it might cause harm to another of the particular kind or in the particular man-

ner in which the harm has in fact occurred, is not of itself sufficient to prevent him from being liable for the other's harm if his conduct was negligent toward the other and was a substantial factor in bringing about the harm. * * *

Negligent conduct may result in unforeseeable harm to another, (1) because the actor neither knows nor should know of the situation upon which his negligence operates, or (2) because a second force the operation of which he had no reason to anticipate has been a contributing cause in bringing about the harm. In neither case does the unforeseeable nature of the event necessarily prevent the actor's liability.

* * * * * *

§ 442 B. Intervening Force Causing Same Harm as That Risked by Actor's Conduct

Where the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability. * * *

* * * * * *

Comment:

b. If the actor's conduct has created or increased the risk that a particular harm to the plaintiff will occur, and has been a substantial factor in causing that harm, it is immaterial to the actor's liability that the harm is brought about in a manner which no one in his position could possibly have been expected to foresee or anticipate. This is true not only where the result is produced by the direct operation of the actor's conduct upon conditions or circumstances existing at the time, but also where it is brought about through the intervention of other forces which the actor could not have expected, whether they be forces of nature, or the actions of animals, or those of third persons which are not intentionally tortious or criminal. * * *

Illustrations:

* * * * * *

2. A negligently leaves an obstruction in the public highway, creating the risk that those using the highway will be injured by collision with it. B's horse runs away with him and charges into the obstruction, and B is injured. A is subject to liability to B.

3. The A Telephone Company negligently allows its telephone pole, adjoining the public sidewalk but several feet from the street, to become riddled with termites, thus creating the risk that the pole will fall or be knocked over and so injure some person using the sidewalk. An automobile negligently driven by B at excessive speed leaves the highway, comes up on the sidewalk, and knocks the pole over. It falls up C, a pedestrian on the sidewalk, and injures him. A is subject to liability to C.

* * * * * *

5. A negligently leaves an excavation in a public sidewalk, creating the risk that a traveler on the sidewalk will fall into it. B, passing C on the sidewalk, negligently bumps into him, and knocks him into the excavation. A is subject to liability to C.

§ 447. Negligence of Intervening Acts

The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

* * * * * *

(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted. * * *

\* \* \* \* \* \*

Comment on Clause (b):

b. The actor at the time of his negence may have no reason to realize that a third person might act in the particular negligent manner in which the particular third person acts, because his mind is not centered upon the sequence of events which may result from his act and therefore he has no reason to realize that it will create the situation which the third person's intervening act makes harmful. However, when the situation is known to exist, the likelihood that some negligent act may make it dangerous may be easily realizable or even obvious."

■ The Arizona courts follow the Restatement of the Law on matters not covered by a statute or an earlier judicial decision. Rodriquez v. Terry, 79 Ariz. 348, 290 P.2d 248 (1955); Bristor v. Cheatham, 75 Ariz. 227, 255 P.2d 173 (1953); Ingalls v. Neidlinger, 70 Ariz. 40, 216 P.2d 387 (1950); Waddell v. White, 56 Ariz. 525, 109 P.2d 843 (1941).

The Arizona Supreme Court has cited as authority two of the sections in the Restatement of the Law, Torts, on "Rules Which Determine the Responsibility of a Negligent Actor for Harm Which His Conduct is a Substantial Factor in Producing." Herzberg v. White, 49 Ariz. 313, 321, 66 P.2d 253, 257 (1937).

■ In his instructions to the jury the trial judge said in part:

"If negligence does nothing more than furnish a passive condition by which injury is made possible and that condition causes injury by the subsequent independent act of a third person, the two causes are not concurrent and the existence of the passive condition is not the proximate cause of the injury.

When the act of a third person intervenes which is not a consequence of the first wrongful act or omission, and which could not have been foreseen by the exercise of reasonable diligence, and without which injurious consequence could not have happened, the first act or omission is not the proximate cause of the injury."

The appellant objected to this instruction on the grounds that a supervening cause must not only be "unforeseeable" but also "extraordinary". Herzberg v. White, 49 Ariz. 313, 322, 66 P.2d 253, 257 (1937).

This instruction cannot be reconciled with the rules quoted above from the Restatement of the Law Second, Torts 2d. It was an incorrect statement of the law. To give it was therefore error.

■ At the trial, by presenting evidence that the truck had passed several warning signs before entering the intersection, that its speed, as it moved across the intersection, exceeded the lawful maximum, that it had crossed a "no passing" line on the highway, and that the driver knew that a new road was being constructed, the appellee sought to prove that the driver had been negligent. Since this view was disputed, it was necessary that the jury be instructed about how, if at all, the driver's negligence would affect the appellee's liability. The trial judge refused the appellant's request that the jury be instructed as follows:

"A person who, without negligence on his part is suddenly and unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to himself or to others, is not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer or more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinarily prudent person under the same circumstances, he does all the law requires of him, although in the light of

after events, it should appear that a different course would have been better and safer."

■■ Our Supreme Court has said that although no Arizona cases " * * * deal with the question, it is generally held improper to instruct on 'imminent peril' unless the evidence supports a finding that two or more alternate courses of action were open to defendant. * * *" Dobbertin v. Johnson, 95 Ariz. 356, 361, 390 P.2d 849, 852 (1964). It was undisputed that the driver in this case could have gone through the "road closed" obstruction or, to avoid doing so, have turned either to the left or the right. The instruction requested was a correct statement of the law. The refusal to give it was error.

The necessary corollary of the reasons we have assigned for holding that the jury was not instructed properly is that the trial judge would not have been justified in setting aside the jury's verdict on the questions presented to it. Since the trial judge did not agree with the appellant's view that the jury had not been instructed properly, there was no reason for him to grant the motion for a new trial. Our holding that the jury was not instructed properly makes it unnecessary to decide whether or not the refusal to grant a new trial was error.

The judgment of the lower court is reversed and the case remanded for a new trial.

HATHAWAY, J., and JOHN P. COLLINS, Superior Court Judge, concurring.

NOTE: Judge JOHN F. MOLLOY having requested that he be relieved from consideration of this matter, Judge JOHN P. COLLINS was called to sit in his stead and participate in the determination of this decision.