Joseph **CARONA, III,** Appellant,

v.

**PIONEER LIFE INSURANCE COMPANY** and Robert W. Nauert, Appellees.

No. 22108.

United States Court of Appeals Fifth Circuit.

Feb. 4, 1966.

**478**

L. S. McClaren, McComb, Miss., Francis S. Bowling, Crisler, Crisler & Bowling, Jackson, Miss., for apellant.

Joe H. Daniel, Jackson, Miss., J. Gordon Roach, Roach & Roach, McComb, Miss., and Daniel, Coker & Horton, Jackson, Miss., for appellees.

Before MARIS,* RIVES and BELL, Circuit Judges.

RIVES, Circuit Judge:

This action was brought on behalf of Joseph Carona, III, to recover damages for his personal injuries suffered in a collision between the motorcycle which he was riding and a Cadillac automobile driven by Robert W. Nauert.[1]

The accident occurred about noon on December 27, 1962, on Interstate Highway 55, near McComb, Mississippi. Interstate 55 is a modern four-lane highway of concrete construction with two lanes for southbound traffic, a median grass plot, and two lanes for northbound traffic. Each lane is 12 feet wide. The northbound lanes are bordered on the east or outside by a 9-foot blacktop shoulder and on the west or inside by a 4-foot shoulder. For a mile or more in each direction from the point of collision, the highway is straight and level. Its posted speed limit for passenger vehicles is 70 miles per hour.

Both the motorcycle and the automobile were traveling north. The only eyewitnesses to the accident were the rider of the motorcycle and the occupants of the automobile.

Carona testified that he had been riding his motorcycle in the left lane of the highway. He was intending to make a right turn from the highway at the next intersection about a half mile further north. For that purpose, he turned into the right-hand lane. He looked back before turning and saw no vehicle approaching. As he turned, the automobile struck his motorcycle from the rear. The horn of the automobile was not blown and there was no signal of its approach or at-

---

* Of the Third Circuit, sitting by designation.

1. Carona's counsel conceded that there was no evidence to establish any relationship of the driver Nauert with the other defendant Pioneer Life Insurance Company. On appeal no question is presented as to the directed verdict returned for Pioneer Life Insurance Company.

tempt to pass. Carona weighed 155 pounds at the time of trial and estimated his weight at the time of collision at 140 pounds. Carona estimated the speed of his motorcycle at between 25 and 30 miles per hour.

Nauert and his son, who was a passenger in the automobile, admitted that there was no signal or blowing of the horn. As they approached they saw the motorcycle proceeding in the left lane. They could not tell whether a man or a boy was riding the motorcycle. They estimated the speed of the motorcycle at 40 to 45 miles per hour and the speed of the Cadillac at 60 to 65 miles per hour. As the automobile got close to the motorcycle, Carona turned abruptly to the right without giving any signal. Nauert pulled the Cadillac sharply to its right. The right side of the motorcycle struck the left front fender of the automobile.

Mr. Lansing of the Highway Safety Patrol arrived as Carona was being put in the ambulance. Lansing testified that after the collision the motorcycle had apparently skidded on its side for a short distance up the highway where it had caught fire, and the combustible parts had been consumed. The automobile had left 189 feet of skid marks. It had gone off the right side of the highway at about a 45 degree angle and "either the rear two wheels were in the ditch or it was straddle the ditch."

Large photographs of the highway, the Cadillac automobile, and the remaining metal frame of the motorcycle were introduced in evidence. The front of the automobile showed no evidence of the collision, nor did the rear of the motorcycle. The right side of the gas tank of the motorcycle in front of the rider's seat was indented. There were a few scratch marks on the left front fender of the automobile, and Mr. Lansing found some fabric in the forward portion of the chrome trimming, evidently just to the rear of the front wheel of the Cadillac.

The motorcycle bore no license tag. Carona testified that it had one, but the Highway Patrolman looked for one and was not able to find it. Carona admitted that he had no license to drive the motorcycle.

After the accident, according to Patrolman Lansing, the doctor gave him permission to talk to Carona:

"A. I asked him what happened and he said that its—either phrased it one or two ways, I'm sorry its my fault I didn't see the car or it was my fault in reverse one of the two but that's the way he said it and they were in the process of loading him in another ambulance to take him to Jackson at that time."

■ By request for a special instruction and by motion for new trial, Carona raised the question of whether Nauert was negligent as a matter of law in failing to blow the automobile horn or to adequately signal the car's approach and attempt to pass. The district court submitted to the jury the question of whether or not under all of the circumstances the failure to sound the horn or give a passing signal was negligence. Under the law of Mississippi that was clearly correct. Sections 8184(b) and 8250(a), Mississippi Code of 1942, Recompiled; Clark v. Mask, 1957, 232 Miss. 65, 98 So. 2d 467, 472.

■ On any theory other than the failure to blow the horn or give a passing signal, Carona's proof of negligence depended solely on his own testimony, strongly opposed by the testimony of the two Nauerts, by the Highway Patrolman, and, as the district court commented (R. 278), by the physical facts. Nauert's counsel urges that any possible procedural error was without injury to Carona, because the district court should have granted Nauert's request for a directed verdict. We conclude, however, that weak as his case was, the failure to sound the horn plus Carona's own testimony constituted substantial evidence for submission to the jury. We pass, therefore, to a consideration of the two claimed procedural errors which have enough substance to warrant discussion.

The district court approved a "Special Bill of Exceptions" as follows:

"That during the course of his argument Honorable Gordon Roach, one of the Attorneys for the Defendant, stated to the Jury that (sic) following or similar words, to wit: 'All of the Jurors know that motorcycles are a menace on the highway'; that prompt objection was made by Attorney for the Plaintiff; that the Court overruled the objection stating the following or similar words: 'It is a matter of argument to the Jury.'"

In denying Carona's motion for new trial, the district court commented that this remark "was clearly not prejudicial or decisive of anything."

■ The argument for the plaintiff does not appear in the record. Defendant's counsel calls attention that the complaint did not simply state that the defendant was driving an *automobile* but asserted that he was driving a *Cadillac automobile*, and further insists that plaintiff's counsel "* * * of course, made the most throughout the trial and his argument by referring to the *Cadillac Automobile*." Defendant's argument may have been somewhat retaliatory. In any event, we are not prepared to say that, under the circumstances of this case, that argument requires us to reverse the judgment in favor of the defendant in order to accomplish "substantial justice." Rule 61, Fed.R.Civ.P.

■ The most substantial claim of error is based upon the admission of testimony that the Highway Patrolman did not give the defendant Nauert a traffic ticket. A proper objection to that testimony should have been sustained. Eggers v. Phillips Hardware Co., Fla.1956, 88 So.2d 507; Patton v. Franc, 1961, 404 Pa. 306, 172 A.2d 297; Thornsbury v. Thornsbury, 1963, 147 W.Va. 771, 131 S.E.2d 713, 722; Debbertin, et al. v. Johnson, et ux., 1964, 95 Ariz. 356, 390 P.2d 849. In the present case, however, the only ground of objection assigned was "wholly immaterial." [2]

■ Except in unusual circumstances, the ground of objection to evidence must be specifically stated in order to preserve the point for appeal; and it is generally insufficient simply to state that the evidence is immaterial. Rule 46, Fed. R.Civ.P.; Employers Mutual Casualty Co. v. Johnson, 5 Cir. 1953, 201 F.2d 153, 156; Mills v. Texas Compensation Insurance Co., 5 Cir. 1955, 220 F.2d 942, 946; Koshorek v. Pennsylvania R. Co., 3 Cir. 1963, 318 F.2d 364, 371; 2B Barron & Holtzoff, Federal Practice & Procedure, Rules ed., § 1021, p. 311; accord, Stewart v. United States, 5 Cir. 1942, 131 F.2d 624.

■ In this case, if we held such a general objection sufficient to preserve the question for review, we would nevertheless conclude that, in view of the extremely weak case presented for the plaintiff, the error was harmless. Rule 61, Fed.R.Civ.P.

We find no reversible error in the record and the judgment is

Affirmed.

---

2. Defendant Nauert:
"Q. * * * I will ask you, Mr. Nauert, whether or not you received any traffic violation or ticket?
"BY MR. BOWLING:
"Now we object, if Your Honor please, as wholly immaterial.
"BY THE COURT:
"I will overrule the objection.
"BY MR. ROACH:
"Q. You receive—did the highway patrolman give you any traffic violation ticket?
"A. No."

Patrolman Lansing:
"BY MR. ROACH:
"Q. Did you give Mr. Nauert any sort of a traffic ticket or anything?
"BY MR. BOWLING:
"Now, if Your Honor please, we register another objection to that.
"BY THE COURT:
"I will overrule the objection.
"BY MR. ROACH:
"Q. Go ahead and answer.
"A. No sir."