504 P.2d 65

Esta M. WINCHESTER, Appellant,

v.

Albert N. PALKO, Appellee.

No. 1 CA–CIV 1756.

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 19, 1972.

Rehearing Denied Jan. 22, 1973.
Review Denied Feb. 20, 1973.

Johnson, Tucker & Jessen, P. A. by Paul
W. Holloway, Phoenix, for appellant.

Cohen, Gerst, Groseclose & Meissner by
David A. Groseclose, and Edward L.
Hohn, Phoenix, for appellee.

HAIRE, Chief Judge, Division 1.

On this appeal the defendant-appellant seeks reversal of the trial court's entry of judgment for the plaintiff for damages incurred by plaintiff as a result of a collision between plaintiff's motorcycle and defendant's automobile. Defendant contends that the judgment must be reversed because the trial court gave imminent peril and contributory negligence instructions which were allegedly improper and highly prejudicial.

The automobile-motorcycle accident which gave rise to this litigation occurred at the "T" intersection of North Tatum Boulevard and Clearwater Hills Parkway in Phoenix, Arizona. Prior to the accident, both vehicles were proceeding south on Tatum Boulevard. The impact between the two vehicles took place when, as the plaintiff attempted to pass the defendant on the right, the defendant made a right-hand turn into Clearwater Hills Parkway.

Concerning the actual operative facts of the accident, the stories of the plaintiff and the defendant differ substantially. The plaintiff testified that the two vehicles were southbound on Tatum Boulevard, traveling at about 40 miles per hour. Plaintiff further testified that when he was approximately 100 to 150 yards north of the intersection, the defendant turned on her *left*-turn blinker and started to slow down. He stated that the defendant continued slowing and he pulled abreast of her on the right side of her vehicle. At this time, he suddenly felt that something was not quite right and then next observed defendant's automobile turning into him, and the collision followed.

To the contrary, the defendant testified that when she was approximately 150 feet north of the intersection she turned on her *right*-turn signal and started to slow down. She slowed at a constant rate of speed and checked her rear-view mirror and saw nothing and commenced her right turn, traveling at this time at the speed of approximately 12 to 15 miles per hour. The accident then happened when plaintiff struck her right front fender. Additional detail as to the evidentiary facts will be stated in discussing the arguments pertinent to the questions raised on appeal.

The first question raised by defendant is whether the trial court committed reversible error in giving an imminent peril instruction.[1] Defendant's contention in this regard is twofold. First, he contends that the evidence was insufficient to support the giving of an imminent peril instruction. Second, he contends that the form of the imminent peril instruction as given was a defective and incomplete statement of the law.

Considering first the sufficiency of the evidence, defendant cites Dobbertin v. Johnson, 95 Ariz. 356, 390 P.2d 849 (1964), for the principle that before the giving of an imminent peril instruction is justified, the evidence must show that after the peril arises, there is time for the allegedly negligent person to react to that peril and make a choice from two or more courses of action available to avoid the peril involved.

---

1. The "sudden emergency" or "imminent peril" instruction given was as follows:

"A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to himself or others, is not expected nor required to use the same judgment and prudence that is required of him in the exercise of ordinary care in calmer and more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinarily prudent person under the same conditions, he does all the law requires of him, although in the light of after-events, it should appear that a different course would have been better and safer.

"And in connection with this instruction, when the masculine is used, it may, if appropriate, be considered as the feminine."

*See also* Stump v. Fitzgerald, 14 Ariz.App. 527, 484 P.2d 1056 (1971).

■ The imminent peril instruction was requested by plaintiff under the theory that the jury might find the instruction applicable to his conduct insofar as concerns the question of his alleged contributory negligence. Initially we note that this type of instruction is not exclusively applicable to a defendant's conduct. If supported by the evidence it may also be applicable to the plaintiff's conduct when contributory negligence on plaintiff's part has been alleged, as in this case. Stump v. Fitzgerald, *supra*. Viewing the evidence most strongly in plaintiff's favor, as we must do in considering the propriety of the giving or the refusal to give an instruction requested by plaintiff, Webb v. Hardin, 53 Ariz. 310, 89 P.2d 30 (1939); Towers v. Johnson, 11 Ariz.App. 455, 465 P.2d 592 (1970), we are of the opinion that the evidence does show alternative courses of conduct open to plaintiff and an opportunity to make a choice between those alternatives subsequent to the time the sudden emergency or peril arose.

Here the sudden peril was plaintiff's realization that "something was not quite right" and the observation that defendant was turning her automobile into him. The evidence and logic support the proposition that, time permitting, alternative courses of evasive action were available to plaintiff at this time—he could have applied his brakes, he could have applied his brakes and turned to the right, or he could have merely turned to the right without applying his brakes. However, defendant contends that the evidence shows that at the time plaintiff realized his peril, there was no time for plaintiff to select between these alternative courses, and that therefore the giving of the imminent peril instruction was improper. Defendant's contention in this regard is based upon the testimony of an accident reconstruction expert who testified that during the time lapse required for defendant's automobile to travel the area between it and plaintiff's motorcycle, there would not have been sufficient time for plaintiff to have reacted so as to apply his brakes or otherwise. This evidence strongly supports defendant's contention that the imminent peril instruction should not have been given. However, on cross-examination of plaintiff, defense counsel elicited testimony from plaintiff that he "had a few seconds there to try to mull over any evasive action". When this testimony is coupled with the expert witness's testimony that the average reaction time for braking is three-quarters of a second, and for turning, one-third of a second, we find some support, although obviously weak, for the giving of the instruction. *Cf.* Worthington v. Funk, 7 Ariz.App. 595, 442 P.2d 153 (1968); Serrano v. Kenneth A. Ethridge Contracting Co., 2 Ariz.App. 473, 409 P.2d 757 (1966).

■ Defendant additionally contends that the imminent peril instruction as given was defective in form and content, citing Gilbert v. Quinet, 91 Ariz. 29, 369 P.2d 267 (1962), for the proposition that the following paragraph should have been added to the instruction:

"If a motor vehicle driver himself created the sudden emergency or brought about the perilous situation through his own negligence, he cannot avoid liability for an injury merely on the ground that his acts were done in the stress of a sudden emergency. He cannot shield himself behind an emergency created by his own negligence."

Undoubtedly defendant's contention is a correct statement of the law. However, we note that the defendant's objections to the instruction in the trial court were limited to the issues of whether the instruction was warranted by the evidence, and whether the instruction was unduly emphasized by the order in which it was given. No objection was made that the instruction was an incorrect or incomplete statement of the law separate and apart from the sufficiency of the evidence, or that it need-

ed to be further clarified. Since counsel did not object to this alleged deficiency before the trial court so as to give the trial court an opportunity to correct the instruction by adding the omitted paragraph, he may not raise such question on appeal. *See* Rule 51(a), Rules of Civil Procedure, 16 A.R.S.; Hiett v. Howard, 17 Ariz.App. 1, 494 P.2d 1347 (1972); Brooker v. Canny, 103 Ariz. 529, 446 P.2d 929 (1968).

Defendant's last contention is that the trial court erroneously instructed the jury concerning the law applicable to the defense of contributory negligence. Defendant requested that MARJI instruction no. 14 be given without modification. The portion thereof pertinent to the question raised on appeal reads as follows:

"If you find that plaintiff was negligent and that such negligence was a proximate cause of plaintiff's injuries, then your verdict *should* be for the defendant." (Emphasis added).

The trial court, however, over defendant's objection modified this particular portion of MARJI 14 so as to read as follows:

"If you find that Plaintiff was negligent and that such negligence was the proximate cause of Plaintiff's injuries, *then you may find for the Defendant or for the Plaintiff as you may see fit.*" (Emphasis added).

Plaintiff responds that the modification is entirely proper in view of the Arizona Supreme Court's recent opinion in Heimke v. Munoz, 106 Ariz. 26, 470 P.2d 107 (1970). We agree.

By way of background, we point out that the Court of Appeals' opinion in Heimke v. Munoz, 11 Ariz.App. 126, 462 P.2d 819 (1969), (vacated by the above-cited Arizona Supreme Court Heimke opinion), while following the prior Arizona Supreme Court decision of Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962), criticized the Layton doctrine, setting forth many of the arguments raised by defendant in this appeal. In vacating the Court of Appeals' opinion in Heimke, the Arizona Supreme Court thoroughly analyzed the effect of Art. 18, § 5, Arizona Constitution, A.R.S., on the defense of contributory negligence, and reaffirmed that the jury was not only the sole arbiter of whether the facts in a particular case might constitute contributory negligence, but also that even assuming the factual existence of contributory negligence, the jury must be allowed to determine whether plaintiff's assumed contributory negligence was to have any effect upon his right to recover. We quote but a few remarks from the Arizona Supreme Court's opinion in Heimke:

"*This includes not alone the right to determine the facts, but to apply or not, as the jury sees fit, the law of contributory negligence as a defense.* (Emphasis in original).

\* \* \* \* \* \*

"Clearly and unmistakably, the defense of contributory negligence does not defeat a plaintiff's recovery unless the jury says it shall.

\* \* \* \* \* \*

"Under the language of Article 18, § 5, that the defense of contributory negligence shall at all times be left to the jury, the trial court cannot direct a verdict even though the plaintiff's negligence is undisputed, *and the trial court must not, directly or indirectly,* tell the jury that it shall return a verdict compatible with the law of contributory negligence as declared by the court. *While the jury should be instructed as to the law of contributory negligence, so that it may apply the defense if it sees fit,* the court cannot peremptorily require the jury to follow such instructions in arriving at a verdict in the case." (Emphasis added). 106 Ariz. at 28, 29, 30, 470 P.2d at 109.

We see no necessity to re-plow the Heimke field. In view of this Court's prior Heimke opinion, we cannot assume that the Supreme Court in its Heimke opinion did not mean exactly what it said. The contributory negligence instruction as

modified by the trial court much more clearly notifies the jury of its function and powers concerning the defense of contributory negligence than the unmodified MAR-JI instruction no. 14.[2]

The judgment is affirmed.

EUBANK and JACOBSON, JJ., concur.

---

2. In Anderson v. Gobea, 18 Ariz.App. 277, 501 P.2d 453 (1972), Div. 2 of the Court of Appeals affirmed the trial court's use of the Layton type "should" instruction on contributory negligence, holding that Heimke did not outlaw the continued use of such an instruction. Nothing we say in this opinion is to be construed as expressing an opinion contrary to the Anderson result.