516 P.2d 578

**STATE of Arizona, Appellee,**
v.
**John JEFFERSON, Appellant.**
**No. 2540.**

Supreme Court of Arizona,
In Banc.
Dec. 13, 1973.

Gary K. Nelson, Atty. Gen. by William J. Schafer III, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa Co. Public Defender by James H. Kemper, former Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Appellant was convicted of robbery and sentenced to a term of five to seven years confinement in the state prison. He brings this appeal raising one question: Was it error to allow into evidence a police officer's opinion of the time it had taken defendant to grow his beard?

The evidence discloses that the defendant was identified at trial by the victim of the robbery as the person who had faced her with a gun and ordered her to fill a paper sack with cash from the cash drawer of her employer, Arizona Public Service Company. A customer, present at the time of the robbery, corroborated the details of the events as testified to by the victim, but the customer was unable to identify the defendant as the robber.

In answer to the State's case which consisted chiefly of the one identification, the defendant presented an alibi defense and attempted to discredit the identification by the victim. The victim had testified that the robber had been clean-shaven except for a moustache; the defense contended that the defendant had a beard or goatee on the day of the robbery, and this position was supported by several defense witnesses.

The mother of the defendant testified that she and the defendant, two days prior to the robbery, had been in the Arizona Public Service office in which the victim was employed, and the defense argued that this was why the victim would recognize the defendant.

In addition the defense presented two witnesses who testified that the defendant was at a metal shop with them on the day and at the time of the robbery. These witnesses also testified that the defendant had a beard on the day in question.

After the defense rested its case the State recalled the investigating officer as a rebuttal witness. He testified to having interviewed at least two of the alibi witnesses some days after the robbery, and the witnesses' statements as to the activities of the defendant were different from the version given in testimony at the trial. The police officer said he had interviewed the defendant five days after the robbery. He was then asked about the defendant's beard:

"Q Will you describe what kind of facial hair he had that day, if any?

"A Beard on the side of the cheeks or jawbone, seemed to be about two to four days old. It was very slight. He had a—

"MR. RITCHIE: Object to that as a conclusion as to the age of the beard. He can testify to what he saw, but not conclude as to how old it was. He's not an expert on the growth rate of various human beings' beards.

"THE COURT: Objection overruled.
"BY MR. RETZER:

"Q Is there any other facial hair that you noticed?

"A He had a very small growing Fu Manchu.

"Q Will you describe for the jury what a Fu Manchu is?

"A It's a hair, it's a hairpiece, but it's hair coming around like this here (indicating) and it was very slight.

"Q What about on his chin?

"A There was no hair on the chin at all.

"Q He did not have on the goatee at that time, is that correct?

"A No, he did not."

It would seem clear that the police officer's response was his opinion that the defendant began growing his beard after the day of the robbery.

Counsel for appellant argues that the admission of the testimony of the officer was error because it was an expression of an opinion by a person who had not been

qualified as an expert, and the testimony invaded the province of the jury. Alires v. Southern Pac. Co., 93 Ariz. 97, 378 P.2d 913 (1963). Because of the prominent place usually enjoyed by a police officer in the mind of jurors, counsel argues that the error must be viewed as prejudicial and reversible. Dobbertin v. Johnson, 95 Ariz. 356, 390 P.2d 849 (1964).

Opinion evidence by non-experts is admitted in evidence in many instances because of the necessity of the situation. It is often difficult to describe a variety of complex observations in any other way than by giving a conclusion. Identity, distances, age, and a host of other matters are in a sense an expression of opinion. As Judge Molloy pointed out:

> "Expression of any fact, even stating the time of day, is in a sense an expression of an opinion." Finn v. J. H. Rose Truck Lines, 1 Ariz.App. 27 at 33, 398 P.2d 935 at 941 (1965).

See also Udall, Arizona Law of Evidence, ¶ 22. In addition the general rule as stated in 32 C.J.S. Evidence § 546(9), page 121 is:

> "A witness may state his impression or inference with respect to the appearance of a person, animal, object, or place, if he has had adequate opportunity for observation, the details of such appearance cannot be reproduced before the jury to enable them to draw a correct inference, and he states as much as possible of the constituent facts."

The trial judge is invested with considerable discretion in determining the admissibility of evidence. Higgins v. Arizona Savings and Loan Association, 90 Ariz. 55, 365 P.2d 476 (1961); 31 Am.Jur. 2d Expert and Opinion Evidence § 6 at p. 500; Finn v. J. H. Rose Truck Lines, *supra*. The testimony to which objection was made could be considered as falling under the exception to the opinion rule, and the most rational means of describing the length of the beard was in terms of days' growth. Obviously the officer's estimate of a two- to four-day growth was not to be considered an exact statement; it was an estimate. The trial judge's ruling permitting the testimony to be admitted was not an abuse of his discretion; hence not error.

A careful reading of the material objected to followed by the succeeding testimony shows that the "objectionable" material dealt with the length of hair on the sides of the defendant's face, but the important portion of the testimony of the officer dealt with whether the defendant had any beard on his chin. The officer testified that there was no hair on the chin. The witnesses for the defense had testified that on the date of the robbery the defendant had a beard on his chin which was described as shorter than that the defendant wore at trial. The testimony of the officer that the defendant had no hair on his chin was clearly admissible even though in its broadest sense the statement is an opinion based on observed facts.

We have also reviewed the entire record, and we find no fundamental error. The judgment of the trial court is affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.