**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carol Jean AXTMAN,
Defendant-Appellant.**

**No. 77–3681.**

United States Court of Appeals,
Ninth Circuit.

April 28, 1978.

Dale R. Koch, Portland, Or., for defendant-appellant.

William Youngman, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before ELY, TRASK and ANDERSON, Circuit Judges.

**PER CURIAM:**

Appellant challenges her conviction for transporting falsely made securities in interstate commerce, 18 U.S.C. § 2314,[1] on the grounds the prosecution failed to adequately prove the checks were unauthorized. We affirm.

Appellant opened seven bank accounts under two different pseudonyms and then deposited in each checks drawn on an out-of-State account. Each check was signed "Karl Stats." To establish the checks were falsely made, the vice president of the drawee bank testified that Karl Stats was not an authorized signature for that account.

When, as here, there is no indication the drawee is a real person who may have authorized the check, the bank official's testimony, coupled with other circumstantial evidence, is sufficient proof the check was falsely made. *See United States v. Huntley*, 535 F.2d 1400, 1403 (5th Cir. 1976).[2] There was ample evidence to support the jury's implied finding that the checks were falsely made.

AFFIRMED.

---

1. In pertinent part, 18 U.S.C. § 2314 provides:
   Whoever, with unlawful or fraudulent intent, transports in interstate . . . commerce any falsely made [or] forged . . . securities . . . knowing the same to have been falsely made [or] forged . . . Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

2. "Finally, appellants argue that the evidence is insufficient because there is no showing that they were not authorized to use the name "S. B. Marlin." They rely on *Parker v. United States*, 297 F.2d 135 (5th Cir. 1961). That case, which dealt with signing the name of another, real person to checks, is completely inapposite. The absence of any "S. B. Marlin" from the scene of appellants' operations eliminates the need to prove lack of authorization as a separate element of the offense."
535 F.2d at 1403.