UNITED STATES of America, Plaintiff-Appellee,

v.

Henry MARTIN, Defendant-Appellant.

No. 78–1512.

United States Court of Appeals, Ninth Circuit.

Oct. 25, 1978.

**32**

William Youngman, Asst. U.S. Atty., Portland, Or., for defendant-appellant.

William J. Keys, Kissling & Keys, Portland, Or., for plaintiff-appellee.

Before VAN DUSEN,* WRIGHT and GOODWIN, Circuit Judges.

PER CURIAM:

The defendant was convicted on seven counts of aiding and abetting interstate transportation of forged securities. 18 U.S.C. § 2314, § 2. The appeal of a confederate, Carol Jean Axtman, has already been disposed of and her conviction affirmed.

*United States v. Axtman*, 574 F.2d 474 (9th Cir. 1978). The facts surrounding the offenses were set forth briefly in that opinion, which also disposes of one issue raised by appellant Martin. *Id.* at 475.

Martin, a Negro, and another Negro man, accompanied by Axtman, a Caucasian woman, rented a blue sedan at the Portland airport in June 1977. Axtman gave a fictitious name and a Wisconsin address. They registered at a Portland motel and defendant Martin was observed there with Mrs. Axtman. Using another fictitious name, Axtman opened savings accounts at seven banks in the Portland area, depositing in each a large check drawn on a Wisconsin bank, each check being signed by an unauthorized person. The checks had been stolen.

The checks were sent in interstate commerce from Oregon to Wisconsin and returned unpaid.

Axtman was arrested two days later as she tried to withdraw $2,000 from a Portland bank. FBI agents had previously been informed that a Caucasian woman was involved in an apparently fraudulent bank scheme, and that at the time of opening one account, she had been seen to enter a dark sedan occupied by two black males. As they approached the bank to assist in Axtman's arrest, agents observed two Negroes in the blue sedan driving in front of them. The men were looking in the direction of the bank where Axtman had gone. The agents entered the bank and were again instructed to look out for two Negro males in a dark car.

Returning to their car, the agents entered the flow of traffic and once more found themselves behind the blue sedan. They followed it as it made several loops around the bank, and observed the occupants looking furtively toward the bank. They watched the passenger alight and walk toward the bank. As he returned, he saw the agents and walked past the blue sedan.

One agent spoke to the driver who gave his name as Howard Collins, produced a

* Senior Circuit Judge for the Third Circuit.

Wisconsin driver's permit, used the same address in Wisconsin listed by Axtman when renting the car, and denied knowing a white woman in the bank. He said he was going to the bank to make change and denied knowing the passenger seen leaving his car. The other agent returned with the passenger, who also identified himself as Howard Collins, whereupon the driver, Martin, admitted his true name and his acquaintance with the passenger.

After Martin was arrested, a piece of the motel stationery was found in his pocket. It contained a list of the banks at which Axtman had opened accounts. Martin's motion to suppress the evidence obtained from him was denied, except as it pertained to evidence seized from the briefcase in his possession at the time of the arrest.

■ On appeal, Martin argues that the suppression order should have been granted in its entirety because the government lacked probable cause for his arrest. After an extensive hearing, the trial court found that there was probable cause to make the arrest, referring to the facts recited above. The district court's finding must stand unless it was clearly erroneous. *United States v. Wysong*, 528 F.2d 345 (9th Cir. 1976).

Viewing the facts in the light most favorable to the government, as we must, *United States v. Hood*, 493 F.2d 677, 680 (9th Cir.), *cert. denied*, 419 U.S. 852, 95 S.Ct. 94, 42 L.Ed.2d 84 (1974), we find that the determination of probable cause for arrest was not clearly erroneous. The admission of evidence seized at the time of arrest was therefore proper.

■ Martin next protests denial of his motion to dismiss the indictment for violation of the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. § 3161(c). In denying the motion, the district judge stated:

Of course, the defendant must be brought to trial within 60 days of his arraignment, since he was indicted on June 14, 1977, and he was arraigned on June 30, 1977. On June 30th through August 3rd, a total of 34 days [ran]. From August 4th through December 20th, there was an excludable delay under the Speedy Trial Act, . . . . . From December 21st to January 10th a total of 20 days ran. So he was brought to trial within 54 days, counting the days of his arraignment. The Speedy Trial Act has not been violated.

The August 4 through December 20 delay was excludable because it resulted from a combination of interlocutory appeals, 18 U.S.C. § 3161(h)(1)(D), and periods during which a "proceeding concerning the defendant [was] actually under advisement," 18 U.S.C. § 3161(h)(1)(C). The trial court judge correctly concluded that there was no violation of the Act.

■ Nor did the delay violate Martin's Sixth Amendment right to a speedy trial. Although he may have raised some question about the sufficiency of the reasons for delay, he failed to show that the length of delay was anything more than *de minimis*; he did not explain his failure to assert his speedy trial rights until appeal; and he failed to show prejudice. *See Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). There was no error in denying the motion.

■ Bank records offered by the government under Fed.R.Evid. 803(b)(6) were admitted over objection. The defendant argues that no proper foundation was laid and that the items were hearsay.[1] This was a trial to the court without a jury. Al-

---

1. Federal Rule of Evidence 103(a)(1) provides:

    "1. Objection. In case the ruling is one admitting evidence, a timely objection . . [must] appear of record, stating the specific ground of objection, if the specific ground was not apparent from the context."

    Except in unusual circumstances, the ground of objection to evidence must be specifically stated in order to preserve the point for appeal.

*Carona v. Pioneer Life Ins. Co.*, 357 F.2d 477, 480 (5th Cir. 1966).

Defendant's objection at trial may not have been specific enough to preserve this issue. The objection was raised during government direct examination of a bank officer, with reference to one of the exhibits in question, a new account information sheet. Defense counsel said:

though the records were not introduced with technical precision, the critical information in the exhibits was testified to orally by witnesses with personal knowledge of the transactions. If there was error, it was harmless.

■ We find that the appellant's other contentions are without merit. The testimony of the vice-president of the drawee bank, together with other circumstantial evidence, was sufficient proof that the signature on the checks was unauthorized. *See Axtman,* 574 F.2d at 575; *Ryno v. United States,* 232 F.2d 581 (9th Cir. 1966). There was sufficient evidence on the record as a whole for the trial judge to form a rational conclusion that Martin was guilty beyond a reasonable doubt. *Cf. United States v. Nelson,* 419 F.2d 1237, 1242 (9th Cir. 1977).

The judgment of conviction is affirmed. The mandate will issue at once. Release on bail is revoked now.

"I assume this goes only to identifying the exhibit and not to factual information contained in it? If it does, I think it should be introduced first. Therefore, I object."

When the document was offered and counsel was asked if he had an objection, he responded: "At this point I do, unless he can lay a foundation, and I'm going to object on the basis that statements made by someone other than the Defendant are not admissible at this point in the trial."

Counsel may have believed he was making a hearsay objection, but reference to "statements" literally encompasses all such statements, whether or not hearsay. Also the term "foundation" is not specific enough to identify the business records exception to the hearsay rule, if this is what counsel intended.