619 P.2d 756

**Eric CARLSON, a minor, by his natural father and next friend, John L. Carlson, Plaintiff/Appellant,**

**v.**

**TUCSON RACQUET AND SWIM CLUB, INC., an Arizona corporation; Joseph and Marian Tofel, husband and wife; Steven and Sally Tofel, husband and wife, Defendants/Appellees.**

**No. 2 CA–CIV 3601.**

Court of Appeals of Arizona, Division 2.

Sept. 9, 1980.

Rehearing Denied Oct. 8, 1980.

Review Denied Oct. 28, 1980.

W. Mercer Bouldin, Tucson, for plaintiff/appellant.

Jack M. Anderson and John S. Schaper, Phoenix, for defendant/appellee Tucson Racquet and Swim Club.

Slutes, Browning, Zlaket & Sakrison, P. C. by William D. Browning, Tucson, for defendants/appellees Tofel.

RICHMOND, Judge.

Does the attractive nuisance doctrine apply to a 16–year–old trespasser who suffered a catastrophic injury when he dived into a swimming pool on premises controlled by defendants? That is the dispositive question on this appeal from summary judgments in favor of the various defendants. We affirm.

On the day he was injured, plaintiff Eric Carlson was 16 years old. He and another teenager entered the premises of the Tucson Racquet and Swim Club on the evening of August 27, 1977. Their immediate purpose was to use the equipment in the weight room. Eric knew that the club was a private facility for the use of members only. Neither he nor his friend was a member, nor were they guests of a member. Without asking permission, they walked through the front door of the club and went to the weight room, where they spent about an hour. At approximately 11:30 p. m. they went to the swimming pool, which was illuminated by floodlights and an underwater light at the deep end and had depth markers on either side. There was no diving board but adjacent to the pool midway between the ends was a lifeguard stand. The water was about five feet deep at that point. Eric saw a marking to that effect on the side of the pool but he could not see the bottom clearly.

After swimming several lengths of the pool the boys decided to use the footrest of the lifeguard stand as a diving platform. On his second dive Eric's head struck the side or the bottom of the pool, and he sustained a permanent and paralyzing spinal cord injury.

From the facts viewed most favorably to him, Eric was a trespasser on the property of the Tucson Racquet and Swim Club when he was injured.[1] With limited

---

1. Even if Eric could be regarded as a licensee, the additional duty owed to him by defendants was only to warn of known hidden perils or traps. There is no evidence raising a genuine fact issue in that regard.

exceptions, defendants' duty to a trespasser was to neither willfully nor intentionally inflict injury. *Spur Feeding Co. v. Fernandez*, 106 Ariz. 143, 472 P.2d 12 (1970). Plaintiff does not argue that the defendants acted willfully or intentionally; rather, he urges the exceptions creating a more stringent duty. The first, the attractive nuisance doctrine, is limited to dangerous conditions which could not be understood or appreciated by a youthful plaintiff. The doctrine recognizes that a risk obvious to others may pose a special hazard to a child because of its limited experience. Where the plaintiff is of the age and experience to appreciate the danger that produces his injury the doctrine does not apply. *Barnhizer v. Paradise Valley Unified School District*, 123 Ariz. 253, 599 P.2d 209 (1979).

In *Barnhizer*, the supreme court held that as a matter of law a 13–year–old boy was of the age and intelligence to appreciate the clear danger of falling from the roof of defendants' school building. We think the same is true of Eric Carlson with respect to diving into water approximately five feet deep when he was unable to see the bottom of the pool clearly. *See O'Keefe v. South End Rowing Club*, 64 Cal.2d 729, 51 Cal.Rptr. 534, 414 P.2d 830 (1966). At the time he was injured Eric was 5′ 11″ tall and weighed 175 pounds. He was preparing to enter his junior year in high school. He was an experienced swimmer, less experienced as a diver, but had verified the depth of the water before diving at other pools.

Alternatively, plaintiff argues that he was a known trespasser and defendants had a duty under § 335 of the Restatement of Torts (Second) to exercise reasonable care to warn him of the dangerous artificial condition that produced his injury. The argument is refuted in *Barnhizer*, supra, involving a known trespasser.[2]

2. Section 335 has not been discussed in Arizona appellate decisions but by its terms is limited to a condition that is of such a nature that

Plaintiff's reliance on the affidavit of Nancy Craft, an experienced aquatic instructor, as creating fact issues is misplaced. Craft's opinions on the propensities of teenagers and what constitutes a hidden danger do not meet the requirements of 17A A.R.S. Rules of Evidence, rule 702, in that they are unsupported by the necessary expert qualifications or are inconsistent with the standard of care imposed by law. *See Dobbertin v. Johnson*, 95 Ariz. 356, 390 P.2d 849 (1964). The affidavit thus presents no facts admissible in evidence, as required by 16 A.R.S. Rules of Civil Procedure, rule 56(e).

The summary judgments are affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

the possessor of land has reason to believe that trespassers will not discover it.