NESBITT ET AL., RESPONDENTS, *v.* CITY OF BUTTE, APPELLANT.

No. 8577

Submitted September 12, 1945. Decided November 6, 1945.

163 Pac. (2d) 251

Mr. P. E. Geagan, Mr. E. J. Foley, and Mr. James F. O'Brien, all of Butte, for appellant.

Mr. Harlow Pease and Mr. A. G. Shone, both of Butte, for respondents.

MR. JUSTICE CHEADLE delivered the opinion of the court.

Action for damages for injury to real and personal property caused by water precipitated onto plaintiffs' premises. The amended complaint alleges that prior to June 14, 1941, the defendant city made certain installations and additions to a storm sewer owned and controlled by it, including the construction and installation of a catchbasin at a point opposite plaintiffs' dwelling house, and storm sewer lines and surface gutters connected with the catchbasin; that prior to the installation of such catchbasin and sewer lines the surface waters, during heavy rainstorms, flowed harmlessly by, or around, plaintiffs' premises, but that thereafter the defendant "negligently caused, allowed and permitted, during heavy rainstorms, the surface water therefrom to be forced upward, and out of the top of said catchbasin, and thereby caused to run with an accumulation of mud, silt and debris, directly upon plaintiffs' premises, and into their dwelling house." That said condition occurred on or about June 14, 1941, and again on or about May 25, 1942. That subsequent to June 14, 1941, plaintiffs notified the defendant, in writing, of such damage, but that defendant has failed and refused to make any change, repair or reconstruction necessary to cause the same to function properly. The complaint alleges filing of notices of such damage as required by statute.

The original complaint was filed on January 22, 1943. On July 21, 1943, an amended complaint was filed. Therein Mary E. Nesbitt was the only plaintiff, and was alleged to be the owner of the property involved. On February 5, 1944, the cause was set for trial for February 18th, and thereafter continued to March 28, 1944. On March 27th the plaintiff served on counsel for defendant notice that she would, at the beginning of the trial on the following day, move the court for an order permitting the filing of a proposed further amended complaint. When the cause was called for trial plaintiff submitted the motion to the court, which was resisted by defendant on the grounds that it came too late, and that defendant was not ready for trial on the complaint as amended, and had no opportunity to plead thereto. The motion was granted and defendant excepted to the ruling. The court announced that defendant's answer to the amended complaint of February 1, 1944, would stand as the answer to the further amended complaint, and overruled defendant's objection to proceeding to trial.

The further amended complaint is identical with the amended complaint, with the exception of paragraph two. In the last-mentioned pleading that paragraph alleges that Mary E. Nesbitt was and is the owner of the real and personal property thereafter described. Paragraph two of the further amended complaint alleges appointment of Mary E. Nesbitt as guardian ad litem of Robert Nesbitt, her minor child; that Mary E. Nesbitt was and is the owner in her own right of an undivided one-half interest in the property, and also the owner of an undivided one-fourth interest therein as an heir of Arthur A. Nesbitt, deceased; that plaintiff Robert Nesbitt is the owner of the remaining undivided one-fourth interest therein as an heir of Arthur A. Nesbitt. It further alleges the death of Arthur A. Nesbitt on June 25, 1941, leaving to plaintiffs, in equal shares, an undivided one-half interest in said property; that his estate has never been probated, and plaintiffs are his sole heirs; that at the time of his death, Arthur A. Nesbitt had

a cause of action against the defendant for damages to his property, which survived to the plaintiffs.

The jury found in favor of plaintiffs and against defendant, and judgment was accordingly entered.

The defendant assigns as error:

1. Permitting the filing of the amended complaint at the beginning of the trial.

2. Refusal of the court to grant defendant time to plead to the amended complaint.

3. Requiring the defendant to proceed to trial, over its objection.

4. Overruling defendant's motion for a new trial.

5. Permitting the witness Hardy to testify as an expert on the reasonable value of repairing the building and certain fixtures.

The first three assignments may properly be considered together. The disposition of these assignments, we think, requires the determination of whether the trial court was guilty of an abuse of discretion in permitting the filing of the amended complaint at the commencement of the trial, and refusing the defendant's request for additional time within which to plead thereto.

The authority of district courts to allow amendments to pleadings is found in section 9187, Revised Codes 1935, the material provisions of which are as follows: "The court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; and may, upon like terms, enlarge the time for answer, reply, or demurrer. The court may likewise, in its discretion, after notice to or in the presence of the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars; and upon like terms allow an answer to be made after the time limited by this code; * * *."

The defendant argues that the amendment permitted con-

sisted not merely in adding an additional party plaintiff, but "changes the whole theory of the case as to at least one-fourth of all the property involved."

As above stated, paragraph two in each of the complaints ▉ alleges ownership of the property involved. Defendant's answer to the allegations of this paragraph of the first amended complaint is a denial on information and belief. If the defendant had no knowledge or information of the title, it logically would have similarly pleaded to paragraph two of the further amended complaint; under such denial defendant could have offered any available evidence disproving the allegation. It was incumbent upon plaintiff to produce proof of ownership, which they evidently did to defendant's satisfaction, since no attempt was made to contradict plaintiff's evidence in this respect. Had defendant discovered contradictory evidence subsequent to the trial such might have been presented in support of motion for a new trial. No reason for changing the answer in this respect is apparent, and, since other allegations were identical in the two complaints, there appears to have been no necessity for a further or different pleading in behalf of the defendant.

In discussing the power of a trial court to permit amendments, this court said, in Buhler v. Loftus, 53 Mont. 546, 165 Pac. 601, 605: "During the course of the trial the court permitted certain amendments to be made to the complaint. It is argued that this was error, in that the effect of the amendments was to make the complaint state a cause of action; whereas, before they were allowed, it was fatally defective. There was no error. The power to allow the amendments at any stage of the trial is within the discretion of the trial court, and its action in this behalf is not subject to review by this court, unless it is affirmatively shown that it abused its discretion to the prejudice of the adverse party. Rev. Codes, sec. 6589 [Now sec. 9187] ; Bennett v. Tillmon, 18 Mont. 28, 44 Pac. 80; Merrill v. Miller, 28 Mont. 134, 72 Pac. 423; Sandeen v. Russell Lumber Co., 45 Mont. 273, 122 Pac. 913; De Celles v. Casey, 48 Mont. 568, 139

Pac. 586. Though the defendants demanded a postponement of the trial, because of the allowance of one of the amendments, they presented no affidavit showing that they were surprised, or that they were not ready and able to produce all the evidence they desired. Indeed, it is apparent that they introduced all the evidence they had at their command.''

Appellant relies on section 9134, Revised Codes 1935, respecting service and filing of amended complaints. The Supreme Court of California, in construing an identical statute, in Lincoln County Bank v. Fetterman, 170 Cal. 357, 149 Pac. 811, 812, said that such statute ''is but a direction to compel the joining of issues within a reasonable time, so as to expedite the trial of actions. It still rests within the sound discretion of the court as to whether any time shall be allowed to the defendant to answer, and whether or not time will be allowed will depend upon the nature and character of the amendment to the complaint.'' That case points out that the fundamental proposition to be decided is whether or not the court's discretion was abused and the defendant injured thereby; whether the amendment raises any new issue which the defendant is required to meet. If no new issue is injected, and the defendant is not taken by surprise, then it is not error for the court to fail to grant the defendant leave to answer the amended complaint.

And see Berthelote v. Loy Oil Co., 95 Mont. 434, 28 Pac. (2d) 187, 194, where it was held: ''Under the statute (section 9187, Rev. Codes 1921), to allow amendments is the rule, to deny them is the exception. Leggat v. Palmer, 39 Mont. 302, 102 Pac. 327. The power to allow or disallow amendments at any stage of the trial is within the discretion of the trial court. If no abuse is shown, the court's action will be approved on appeal.'' And see also Besse v. McHenry, 89 Mont. 520, 300 Pac. (2d) 229; Sellers v. Montana-Dakota Power Co., 99 Mont. 39, 41 Pac. (2d) 44; 41 Am. Jur. sec. 296, p. 494. And it is the rule in this jurisdiction that in proper cases the court, even on its own motion, may direct an amendment, and in the absence of a showing of abuse of discretion its action will be ap-

proved. See De Celles v. Casey, supra; Besse v. McHenry, supra; Backer v. Parker-Morelli-Barclay Motor Co., 87 Mont. 595, 289 Pac. 571.

It is not apparent that any new issue was injected into the case by the amendment allowed, and defendant made no showing of prejudice or injury to its defense by reason thereof. Further, it has not been pointed out wherein the defendant would or could have profited by any additional or different pleading. It is true that plaintiffs were dilatory in not sooner ascertaining and pleading the true condition of the title to the involved property, but this is not sufficient to warrant reversal, in the absence of a showing of abuse of discretion with resulting prejudice to defendant. We think that, in order to avoid a possible mistrial or further litigation, the court might properly have directed the amendment of its own volition. No abuse of discretion, and no prejudice to defendant having been shown, the action of the trial court is approved.

Defendant complains that the court erred in permitting the witness Hardy to testify as an expert as to the reasonable value of repairing the building and certain fixtures. The chief objection to this testimony is that the witness was not shown to be qualified to give opinion evidence, under the provisions of section 10531, Revised Codes 1935, under which a witness may give "his opinion of a question or science, art, or trade, when he is skilled therein." Also, that the facts upon which he based his opinion were not in evidence.

Hardy testified that he examined the building for the purpose of making an estimate of the reasonable cost of its repair. With reference to his qualifications as an expert or skilled witness, he stated that he had been employed as an estimator of building construction for Cahill-Mooney Construction Co. for two years, and prior to that for eleven years, or a total of thirteen years. That he is a high school graduate and "studied some engineering in home study * * * off and on for eight or nine years." That his occupation consisted of estimating building construction and repair of homes, and that his employer acts upon such estimates

in fixing prices; that estimates of the cost of repairs to plumbing is a part of his work; that he was employed as a carpenter in Butte for about three years, and as a draftsman and designer for an architect.

The witness further testified that after making an examination of the premises he gave Mrs. Nesbitt an estimate of $785 as the reasonable cost of repairs, this including repairs to the concrete foundation wall, floors in three rooms and porch. In making the estimate he considered the cost of labor, material, insurance and social security payments, and contractor's profit.

We think that Hardy was shown to be sufficiently qualified by training and experience to permit the reception of his opinion testimony as a skilled witness; and further, that he was shown to have sufficient knowledge of the facts, gained by personal observation, to enable him to form an opinion entitled to be considered by the jury.

According to definition, as found in 32 C. J. S., Evidence, sec. 456, p. 94, a skilled witness is one "possessing, with regard to a particular subject or department of human activity, knowledge and experience which are not acquired by ordinary persons. [Irion v. Hyde, 110 Mont. 570, 105 Pac. (2d) 666.] * * * [He] may be qualified by professional, scientific, or technical training, or by practical experience in some field of activity conferring on him special knowledge not shared by mankind in general, the rule in this respect being that one who has been engaged for a reasonable time in a particular profession, trade, or calling will be assumed to have the ordinary knowledge common to persons so engaged." A witness qualified by observation may state the cost of doing certain work. 32 C. J. S., Evidence, sec. 503, p. 164.

"A witness experienced in a building trade, and who is shown to have had sufficient opportunity for observation, and to be adequately qualified to form a judgment as to the matter of which he undertakes to speak, may testify as to his inferences or judgment as to matters in his particular department.

"The statement may relate to various matters connected with

the construction, condition, or repair of buildings, such as the cost of a house or other building, or of repairs thereto, or of other work in connection therewith.'' 32 C. J. S., Evidence, sec. 546, p. 326, and cases cited.

Appellant argues that the testimony of this witness was valueless because there was no showing as to the dimensions of the rooms and of the wall damaged. His estimate was based, not upon a hypothetical question, but upon his personal observation and inspection of the building and the damage thereto. He testified that the repairs contemplated in making his estimate included replacement of the cement front foundation wall, removal and replacement of the flooring in the kitchen, bathroom and storeroom, and the levelling and repairing of the supports under them. As above noted, we think the facts upon which his estimate was based were sufficiently recited to warrant reception of his opinion. And, since obviously evidence of the items of injury to the property and of necessary repair alone would not have enabled the jury to arrive at an intelligent verdict as to the amount of the damage, opinion evidence was properly admissible.

The determination of the qualification of a skilled or expert witness is a matter largely within the discretion of the trial court, and in the absence of a showing of abuse, ordinarily will not be disturbed. 32 C. J. S., Evidence, sec. 458, p. 99. The degree of his qualification affects the weight, rather than the admissibility, of his testimony. Wray v. Fairfield Amusement Co., 126 Conn. 221, 10 A. (2d) 600; Cincinnati St. Ry. Co. v. Hickey, 29 Ohio App. 399, 163 N. E. 310. The trial court properly admitted the testimony objected to.

No question is raised by appellant on the appeal concerning the commingling of causes of action or concerning the sufficiency of pleading or proof of plaintiffs' title to the real and personal property involved.

The remaining assignment of error is denial of defendant's motion for a new trial. The motion was based upon all grounds mentioned in section 9397, Revised Codes 1935. No showing

was made in support of the motion, in the form of affidavit or otherwise, and appellant's argument supports only the grounds of excessiveness of the verdict and insufficiency of the evidence to justify the amount of the verdict.

By instruction No. 18 the trial court directed the jury that its verdict must not, in any event, be for more than $1,630. Defendant's objection was not to the measure of damages as defined in the instruction, but on the ground "there is no issue before the jury triable in this case as to damages suffered, if any, by the plaintiff." This instruction, by inference, advised the jury that the evidence could support a maximum verdict in the amount specified. Defendant argues that, even conceding that all of the evidence as to damages was admissible, it was insufficient to support the amount determined by the court and awarded by the jury. We have carefully examined the record as to items of damages, and, without reviewing the details of such testimony, find that the maximum amount established by competent evidence is $1,467.90. We feel that certain items of damages claimed were not supported by proper or competent evidence and should have been withdrawn from the jury's consideration. The fact that the verdict was for the full and exact amount specified in the court's instruction demonstrates that such items were included in the award. While the evidence as to damages is not entirely satisfactory as to certain other items, the question of its weight was for the jury, whose function in that respect will not be assumed by this court.

Since such excessiveness of the verdict does not appear to have resulted from passion or prejudice on the part of the jury, and since the excess can be readily determined by mathematical calculation, we might with propriety modify the judgment by reducing it by the amount of the excess. However we feel the better practice is to remand the cause for a new trial unless the plaintiffs shall agree to a reduction of the judgment to the extent of the excess. The cause is therefore remanded to the district court to grant a new trial, unless within thirty days after the remittitur is filed with the clerk of that court, plain-

tiffs shall file their written consent that the judgment for damages be reduced to $1,467.90. If such consent be filed, the judgment will be modified accordingly as of the date of its original entry, and, as so modified, will be affirmed.

Mr. Chief Justice Johnson and Associate Justices Morris, Adair and Angstman concur.