ROGER L. BERNHARD, Plaintiff and Appellant, v. LIN-
COLN COUNTY, Montana, a Body Politic, Defendant and
Respondent.

No. 11069.
Submitted January 9, 1968. Decided February 13, 1968.
437 P.2d 377.

Murphy, Robinson & Heckathorn, I. James Heckathorn (argued), Kalispell, for appellant.

William A. Douglas, County Atty., Libby, Worden, Worden, Thane & Robb, Shelton C. Williams (argued), Missoula, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a verdict and judgment for the defendant in an action to recover damages arising out of an automobile accident.

The accident occurred at approximately 7:45 a. m., December 5, 1963, about one mile north of Eureka, Montana. The plaintiff-appellant was traveling north out of Eureka. He overtook and hit from behind a road grader owned by Lincoln County, Montana, which was traveling in the same direction.

The highway, at the scene of the accident, was straight and dry. The grader was well within its own lane of traffic. It was going its top speed, approximately 24 miles per hour. The grader was yellow. It was equipped with headlights, a white light 78 inches high, shining to the rear and two red tail lights 10 feet high. At the time of the accident it was dark and just prior to sunrise. Evidence was produced that it was light enough to see shapes about 300 to 350 feet away.

The appellant testified that he did not see the grader prior to hitting it, and has no recollection of hitting it. He did not apply his brakes before hitting it.

The appellant and the respondent both produced evidence on the questions of appellant's speed and whether his visibil-

ity was impaired by a frosted windshield. The jury returned a verdict for the respondent and judgment was entered thereon.

On this appeal, appellant raises five issues, all based on contended errors in the trial court. The alleged errors are that the court erred: (1) in failing to instruct on the applicability of the Uniform Vehicle Code as to the lighting requirements and mounted height of tail lamps; (2) in failing to grant plaintiff's motion to find negligence as a matter of law; (3) in failing to enter judgment for plaintiff on the element of liability; (4) in not granting plaintiff a new trial; and (5) in failing to allow evidence of the amount of light cast on the highway from adjacent lights.

The basis for appellant's first two alleged errors is the theory that section 32-21-118, subd. (b), R.C.M.1947, required the tail lamps of the road grader to be not more than 72 inches from the ground. Appellant contends that because they were higher than 72 inches the jury should have been instructed as a matter of law that the violation of the statute established the respondent's negligence. The trial court found that section 32-21-118, subd. (b), supra, did not apply to this road grader, and refused to give the offered instructions, and refused to direct a verdict on the issue of respondent's negligence.

R.C.M.1947, § 32-21-114, subd. (c), provides:

"(c) The provisions of sections 32-21-114 to 32-21-153 with respect to equipment on vehicles shall not apply to implements of husbandry, road machinery, road rollers, or farm tractors *except as herein made applicable.*" Emphasis supplied.

R.C.M.1947, § 32-2127, subd. (b), provides:

"(b) Persons Working on Highways—Exceptions. Unless specifically made applicable, the provisions of this chapter except those contained in sections 32-2176 to 32-2183 shall not apply to persons, teams, motor vehicles and other equipment while actually engaged in work upon the surface of a highway but *shall apply to such persons and vehicles when traveling to or from such work.*" Emphasis added.

Appellant reasons that section 32-2127, subd. (b), supra, contains the language which makes section 32-21-118, subd. (b), applicable to the road grader and thus the exemption in section 32-21-114, subd. (c), does not apply.

We cannot agree. We find that section 32-21-130, sets out the lighting requirements of the road grader. Section 32-2127 makes the Uniform Act Regulating Traffic on Highways generally applicable to the vehicles named therein. It is a general statute. Section 32-21-114, subd. (c), is a statue dealing with only specific sections of the Uniform Act, namely, sections 32-21-114 to 32-21-153. We construe the meaning of the words in section 32-21-114, subd. (c) "as herein made applicable" to mean as made specifically applicable in the sections with which section 32-21-114 purports to deal, that is, sections 32-21-114 to 32-21-153.

This conclusion is reinforced by the language of section 32-21-130, which provides:

*"Every vehicle, including animal-drawn vehicles and vehicles referred to in section 32-21-114 (c), not specifically required by the provisions of sections 32-21-114 to 32-21-153 to be equipped with lamps or other lighting devices, shall* at all times specified in section 32-21-115 be equipped with \* \* \*." Emphasis added.

It makes it clear that the exemption in section 32-21-114, subd. (c), applies unless the equipment requirements are specifically made applicable in sections 32-21-114 to 32-21-153 and when they are not made applicable in those sections, section 32-21-130 applies.

We find no error in the district court's refusal to give the instructions on the applicability of section 32-21-118, subd. (b), nor its refusal to direct a verdict finding negligence as a matter of law.

Appellant's third and fourth contended errors are to the effect that the evidence does not support a verdict for the defendant. When such a question is before this court we will

only review the evidence to decide if the verdict is supported by substantial evidence. Breen v. Industrial Accident Board (Mont. 1968), 436 P.2d 701. The fact that there were conflicts in the testimony does not mean there is not substantial evidence to support the verdict. We must accept the evidence believed by the jury "unless that evidence is so inherently impossible or improbable as not to be entitled to belief * * *." Wallace v. Wallace, 85 Mont. 492, 279 P. 374, 377, 66 A.L.R. 587 (1929).

In reviewing the evidence there is substantial evidence to support the jury's verdict. Appellant's own testimony, that he did not see the grader prior to hitting it, is sufficient evidence to go to the jury on the question of contributory negligence. We find no merit in the contention of the appellant that the evidence is such that only one conclusion can be reached from it and thus the jury's verdict should be reversed.

Appellant finally claims that the court erred in not allowing his witness to testify as to the lighting conditions and an experiment conducted in regards to them on March 15, 1965. The court did not allow the testimony because there was no foundation showing that the conditions at that time and place were substantially similar to the lighting conditions at the time of the accident. The district court's ruling on this offer of proof was correct, and we find no merit in appellant's contention.

For the foregoing reasons the judgment is affirmed.

MR. JUSTICES ADAIR, CASTLES and JOHN CONWAY HARRISON, concur.