No. 12487

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

———————————

LESLIE BERDINE and KENNETH H. HAGEN,

Plaintiffs and Appellants,

-vs-

SANDERS COUNTY et al.,

Defendants and Respondents.

———————————

Appeal from: District Court of the Fourth Judicial District,
Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

For Appellants:

Tipp and Hoven, Missoula, Montana
Raymond Tipp argued, Missoula, Montana

For Respondents:

Garlington, Lohn and Robinson, Missoula, Montana
William Evan Jones appeared and Gary Graham argued,
Missoula, Montana

———————————

Submitted: February 27, 1974

Decided: APR - 4 1974

Filed: APR - 4 1974

Thomas J. Kearney
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by the plaintiffs from a verdict and judgment of the district court of Sanders County, sitting with a jury, in favor of defendants and from the denial by the district court of plaintiffs' motion for new trial.

This cause was commenced by plaintiffs, Kenneth N. Hagen and Leslie Berdine, to recover damages for personal injuries from Sanders County, the Sanders County Board of Commissioners, the Commissioners and Paul Douglas Albano, an employee of Sanders County. Essentially the factual situation is as follows:

On November 28, 1970, defendant Paul Douglas Albano was plowing snow on the Lower Heron Road, a graveled road, in Sanders County. There were four to six inches of snow covering the road. Albano was driving a 1969 Ford truck on which was mounted a snow-plow with an angle blade 12 feet in width which because of its angle plowed an 8 foot width. The portion of the blade on driver Albano's left was flush with the edge of the truck and the portion on his right extended 2 feet and 9 inches beyond the right side of the truck.

Albano started plowing the road going west with the left portion of the blade in the center of the road throwing the snow toward the outside or north side of the road. He then proceeded east along the road again with the left portion of the plow at the center of road to make sure that he cleaned the center. Albano next proceeded west along the road and at the extreme right shoulder of the road in order to completely clean the right hand portion of the road.

The snowplow, which was owned by Sanders County, had a yellow caution light on top which was operating.

Plaintiffs were returning from a deer hunting trip in an automobile operated by plaintiff Kenneth Hagen. Plaintiff Leslie

Berdine was a passenger in the front seat of the automobile. Michael Berdine was a passenger in the back seat. Plaintiffs were traveling east.

It was on his third pass that defendant Albano met plaintiffs' automobile. Snow of the depth of about 8 inches still covered a portion of plaintiffs' half of the roadway on the right shoulder. As Albano was meeting plaintiffs' automobile, he hit a soft spot on the roadway, tried to pull the plow up, but found that it would not raise. He put on his brakes and started to shift. The blade on the snowplow dug in causing the snowplow to come to a halt. The snowplow stopped about 2 feet from where it had dug into the roadway.

Albano collided with the side of plaintiffs' car which went into the borrow pit on plaintiffs' side of the road. At the time the two vehicles met and the snowplow caught in the shoulder of the road, the back wheels of the snowplow slid towards the borrow pit causing the blade of the snowplow to slide towards the center of the road. The rear wheels of the snowplow truck were barely off the right shoulder of the road, and the front wheels were on the roadway.

As a result of the accident plaintiffs incurred hospital bills, doctor bills and other medical expenses and damages. Plaintiffs instituted this cause essentially alleging that defendant Albano was negligent in failing to keep the snowplow in its own traffic lane and in failing to operate the snowplow in such a manner as to avoid endangering the plaintiffs and the collision. Trial was held. Judgment on the verdict was entered for the defendants and plaintiffs moved for a new trial, which was denied.

Plaintiffs present four issues for review which can be summarized and stated as follows: (1) Whether there is substantial evidence to support the verdict of the jury; (2) whether

testimony of Undersheriff Williams, Sanders County, was improper, and (3) whether the district court erred in failing to grant plaintiffs' motion for a new trial.

With respect to plaintiffs' first issue, this Court has repeatedly held that the finder of fact, the jury in the instant case, will not be reversed on appeal unless the evidence clearly preponderates against the findings. Quitmeyer v. Theroux, 144 Mont. 302, 307, 395 P.2d 965; Close v. Estate of Ruegsegger, 143 Mont. 32, 41, 386 P.2d 739; Marker v. Zeiler, 140 Mont. 44, 55, 367 P.2d 311.

As we stated in Bernhard v. Lincoln County, 150 Mont. 557, 561, 437 P.2d 377:

> "When such a question is before this court we will only review the evidence to decide if the verdict is supported by substantial evidence. Breen v. Industrial Accident Board (Mont. 1968), 436 P.2d 701. The fact that there were conflicts in the testimony does not mean there is not substantial evidence to support the verdict. We must accept the evidence believed by the jury 'unless that evidence is so inherently impossible or improbable as not to be entitled to belief * * *.' Wallace v. Wallace, 85 Mont. 492, 279 P. 374, 377, 66 A.L.R. 587 (1929)."

After reviewing and considering the evidence in the instant case, we find that there is substantial evidence to support the verdict for the defendants. Plaintiffs argue that reasonable men must conclude that the evidence in this case establishes that the snowplow crossed the road into plaintiffs' lane of traffic, which argument is plaintiffs' basic theory for alleging that defendant Albano was negligent.

At the trial plaintiff Hagen testified that he was in his proper lane of traffic as he was approaching the snowplow and that the snowplow came across the road and struck his vehicle. He also stated that his side of the road had been completely plowed but nothing had been plowed on the side that the snowplow was working on. Defendant Albano, who was called as an adverse witness by

plaintiffs, testified that he was plowing on the extreme outer portion of his right lane after plowing the center of both sides.

Plaintiff Berdine stated that as they were driving down the road that he looked up and saw the snowplow coming across the road towards their vehicle. He further testified that after the accident the snow plow blade extended halfway across the plaintiffs' lane of traffic but did not know how far the snowplow blade went to the left of where it was originally traveling when it hit the soft spot.

Plaintiffs' expert witness, Jacob Hoover, testified that when a snowplow digs in that it would tend to go across the road, and he also stated that the snowplow would not go across towards the centerline if its rear wheels were down in the borrow pits on the right hand side of the road.

The following witnesses testified on behalf of defendants:

Undersheriff Williams who investigated the accident took measurements at the time. He found that the road at the point of collision was 23 feet from shoulder to shoulder. There was no centerline. The snowplow blade was 12 feet long. Two feet and 9 inches of the blade extended beyond the right hand shoulder of the road. From the extreme left portion of the blade to the right shoulder was 9 feet.

Douglas Smith, a snowplow operator and supervisor of defendant Albano, testified that when he arrived at the scene of the accident that he was able to drive his full snowplow by the accident snowplow on the plaintiffs' side of the road without any problem insofar as space was concerned. Smith also indicated that after the snowplow stopped from its impact with the soft ground, it could not have moved unless someone had pulled it.

Mr. Lee, a Sanders County Commissioner, went to the accident scene and observed that the snowplow blade was on its side

- 5 -

of the centerline. He also stated that he had plenty of room to drive by the snowplow on plaintiffs' side of the road.

As the testimony reveals, there was substantial evidence that the snowplow did not cross the road into plaintiffs' lane of traffic, and the jury obviously believed that it did not. The only physical evidence introduced at the trial was the measurements made by Undersheriff Williams. Williams' testimony together with that of Douglas Smith and Lee supports the jury's verdict that defendant Albano was not negligent.

Plaintiffs next contend that certain testimony of Undersheriff Williams was improper. Plaintiffs argue that testimony as to conclusions and opinions of Williams was improperly received by the court and, in addition, that such testimony also constituted evidence of contributory negligence on the part of plaintiff Hagen. It is plaintiffs' position that since contributory negligence was not an issue in the case that the verdict is contrary to the law of the case.

At the scene of the accident Williams prepared an investigator's accident report, and at the trial he testified as to his findings. Plaintiffs attack the testimony of Williams with respect to his opinions concerning the accident arguing that his opinions were without foundation and invaded the province of the jury. Plaintiffs objected at trial as follows:

> "Q. And did you prepare this in the ordinary
> course of your investigating business based
> upon the conversations at the acene with the
> people who were there? A. Yes sir.

> ".MR. BRAULT: We object to any question calling
> for a conclusion of this witness, no foundation
> having been laid, and it invades the province of
> the jury.

> "THE COURT: Overruled."

The portion of Williams' testimony complained of by plaintiffs deals with the conclusions and opinions testimony. This

testimony was offered after additional foundation had been presented as to Williams' qualifications, and is as follows:

> "Q. Based upon those years of experience and the many accidents that you investigated, Mr. Williams, did you then come to a section of your report wherein you were asked to state your opinion as to what happened? A. Yes sir.
>
> "Q. And in that paragraph on your report, what did you set forth in the official report, Mr. Williams? A. I have under 'Opinions and Conclusions' that vehicle number one should have slowed down.
>
> "Q. Which is vehicle number one now? A. The Hagen vehicle.
>
> "Q. All right, go ahead. A. The vehicle number one should have slowed down and waited for the plow to pass. The yellow light on the snowplow is for caution. If vehicle number one would have been over on the side of the road the plow would have missed him completely."

After the additional foundation had been presented and when Williams was eventually asked as to his opinions and conclusions recorded in his findings, no objection was made by plaintiffs. It is a well accepted rule of law that an objection raised for the first time on appeal is not timely. Close, at p. 38, Boehler v. Sanders, 146 Mont. 158, 163, 404 P.2d 885.

Plaintiffs further contend that the above-quoted testimony of Williams constituted evidence of contributory negligence. Plaintiffs failed to make any objection to this testimony on that ground during the trial, and for this reason alone plaintiffs' issue is without merit. In any event the evidence is evidence of proximate cause which was the issue.

For the foregoing reasons plaintiffs' motion for new trial was properly denied and the verdict and judgment of the district court are hereby affirmed.

_____
Chief Justice

- 7 -

We concur:

_____

_____

_____

_____
Justices