No. 12732

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

WILLIAM E. FRENCH, JR.,

Defendant and Appellant.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable M. James Sorte, Judge presiding.

Counsel of Record:

For Appellant:

Joseph P. Hennessey, argued, Billings, Montana
Kenneth R. Wilson, argued, Miles City, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Thomas A. Budewitz, Assistant Attorney General, argued,
Helena, Montana
William Krutzfeldt, County Attorney, appeared, Miles
City, Montana
Berger, Anderson, Sinclair and Murphy, Billings,
Montana
James J. Sinclair argued, Billings, Montana

---

Submitted: November 13, 1974

Decided: JAN - 8 1975

Filed: JAN - 8 1975

*Thomas J. Kearney*
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by defendant from a second degree murder conviction entered in the district court, Yellowstone County, and from that court's denial of his motion for a new trial.

This Court previously granted a writ of supervisory control relating to matters raised prior to the trial of this case, but involving some of the issues now raised on appeal. See State ex rel. Krutzfeldt v. District Court, _____Mont._____, 515 P.2d 1312, 30 St.Rep. 993.

On March 5, 1973, Douglas Fleming was shot and killed in the Olive Hotel Lounge in Miles City, Montana. Fleming and defendant, William E. French, Jr., had been engaged in a shouting and pushing contest at the lounge entrance some fifteen to thirty minutes prior to the shooting. Following the altercation, defendant drove to his home, found his pistol and returned to the lounge. Without saying a word, he walked to the booth where Fleming, Fleming's wife, and two friends were seated, and fired at least three shots into Fleming. One of those shots penetrated Fleming's heart, producing near-instantaneous death.

Defendant then drove to his home and called the authorities, reporting that he had shot a man. He was arrested shortly thereafter and charged with first degree murder.

Prior to trial, defendant filed a written notice of his intention to rely on the defense of mental disease or defect excluding responsibility for the homicide. The district court ordered a psychiatric examination to be conducted at the Warm Springs State Hospital. Section 95-505, R.C.M. 1947. Defense psychiatrists were also permitted to examine defendant.

A report of the examination by the Warm Springs State Hospital was filed with the district court. It contained findings

that defendant, at the time of the homicide, had the ability to appreciate the criminality of his conduct and to conform his conduct to the requirements of law. The report further stated that defendant had the capacity to have killed a man with a deliberate and premeditated design, unlawfully and maliciously.

A hearing was conducted pursuant to the provisions of section 95-507, R.C.M. 1947. The district court heard both lay and expert testimony as to defendant's mental condition at the time of the shooting. In effect, the district court's findings concurred with the report filed by the Warm Springs State Hospital. Defendant's motion for acquittal on the ground of mental disease or defect excluding responsibility was denied.

Certain pretrial rulings of the district court were then brought before this Court in a petition for a writ of supervisory control. Our opinion in that matter recognized the constitutionality of section 95-503, R.C.M. 1947; recognized that the legislature had created a new test for determining criminal responsibility; and, declared that the pretrial determination of defendant's mental status did not preclude his raising the defense of mental defect at trial. State ex rel. Krutzfeldt v. District Court, supra.

A jury trial was held and defendant was found guilty of second degree murder. Thereafter, the district court denied defendant's motion for a new trial. Defendant appeals from the judgment of conviction and the denial of his motion for a new trial.

Defendant seeks reversal for the following alleged errors of the district court:

(1) Denial of defendant's motion for acquittal by reason of mental disease or defect excluding responsibility.

(2) Denial of defendant's motion for acquittal on the

charge of first degree murder.

(3) Errors relating to the admissibility of certain evidence.

(4) Improper closing arguments by the prosecution.

(5) Errors in the giving or refusal of certain jury instructions.

First, defendant argues that the district court should have acquitted him by finding that he had a mental disease or defect which excluded his responsibility for the homicide. The controlling statute, section 95-507(a), R.C.M. 1947, provides:

> "If the report filed pursuant to section 95-505 finds that the defendant at the time of the criminal conduct charged suffered from a mental disease or defect which rendered him unable to appreciate the criminality of his conduct or to conform his conduct to the requirements of law, and the court, after a hearing if a hearing is requested by the attorney prosecuting or the defendant, is satisfied that such mental disease or defect was sufficient to exclude responsibility, the court on motion of the defendant shall enter judgment of acquittal on the ground of mental disease or defect excluding responsibility."

Three requirements must be met before a defendant can be acquitted under this statute: (1) A report finding mental disease or defect at the time of the criminal conduct; (2) the court's determination that such mental disease or defect excluded responsibility; and (3) defendant's motion for acquittal.

Here, the report filed by the Warm Springs State Hospital found no mental disease or defect. Under the terms of the statute, this precludes the granting of a pretrial acquittal. The matter then must go to the jury for final determination.

Second, defendant claims the district court should have granted his motion for acquittal on the charge of first degree murder made at the close of the state's case-in-chief. He moved for acquittal on the grounds that the state failed to establish intent, malice, premeditation or the corpus delicti.

- 4 -

We will treat this motion as a motion for dismissal of the charge of first degree murder under section 95-1909(i), R.C.M. 1947. That section provides, in pertinent part:

> "When, at the close of the state's evidence or at the close of all the evidence, the evidence is insufficient to support a finding or verdict of guilty, the court may on its own motion or on the motion of the defendant, dismiss the action and discharge the defendant. * * *"

A review of the record finds substantial evidence supporting the district court's denial of the motion. A pathologist testified that Fleming died from a gunshot wound in the heart. Defendant admitted shooting Fleming at least three times, and his testimony was corroborated by eyewitnesses.

Defendant and Fleming were involved in an altercation fifteen to thirty minutes prior to the shooting. In the time between the two events, defendant drove to his home, found his pistol, and returned to the scene. Saying nothing, he walked directly to where Fleming was seated and fired the shots, before Fleming had an opportunity to react.

This factual recitation portrays only a portion of the evidence before the district court when it denied the motion for acquittal on the first degree murder charge. The evidence clearly provided substantial proof of the corpus delicti, intent, malice and premeditation. We find no error here.

Third, defendant questions the admissibility of a photograph of the victim; bullets removed from the bodies of the victim and his companion; and evidence of defendant's subsequent adjudication of incompetency.

The district court admitted a black and white photograph of the victim's body which showed the location of the bullet wounds. Defendant argues that the only purpose served by the introduction of this exhibit was to inflame the minds of the jury.

As we noted in State v. Fitzpatrick, _____Mont._____,
516 P.2d 605, 610, 30 St.Rep. 1052, 1058:

> "' * * * When the <u>purpose</u> of an exhibit is to
> inflame the minds of the jury or excite the
> feelings rather than to enlighten the jury as to
> any fact, it should be excluded.' State v. Bischert,
> 131 Mont. 152, 159, 308 P.2d 969."

The challenged photograph was relevant. It was used to
provide a foundation for the pathologist's identification of
the victim as the subject examined. We have viewed the photo-
graph and find it to be noninflammatory. Were it not for the
markings on the photograph, a viewer would have difficulty even
ascertaining that it showed bullet wounds.

The challenge to the introduction of the pistol and the
bullets was that no proper foundation was laid. There can be
no question but that the police erred in their initial identifi-
cation of the bullets, but it is equally apparent the error was
corrected later in the trial. Our review of the record discloses
no prejudicial error in the admission of these exhibits.

Defendant also contends the district court improperly
granted the state's motion in limine, excluding evidence that a
guardian had been appointed for defendant and that he had been
declared incompetent some nine months after the shooting. Al-
though neither the transcript nor the district court file contains
the motion in limine or evidence of the incompetency adjudication,
the appellate briefs of both parties acknowledge the existence of
both the motion and such evidence of incompetency. Therefore we
will consider the matter as argued in the briefs.

In State v. Crowe, 39 Mont. 174, 179, 102 P. 579, it
was held that:

> " * * * while the law does not fix any limit of
> time within which the inquiry as to the mental
> condition of one accused of crime is to be
> directed, the rule most generally recognized
> appears to be to refer the matter to the sound

- 6 -

> legal discretion of the trial court, subject
> to review for abuse of such discretion only."

However here defendant does not allege an abuse of discretion by the district court, but rather urges that the court was bound to take judicial notice of the records of the incompetency proceeding. That argument is not persuasive, absent a showing the evidence would have been relevant.

Without the benefit of any record of the motion in the district court, we are not at liberty to speculate as to the evidence before the district court. Knowing only that the district court prevented the introduction of evidence of an adjudication which occurred nine months after the shooting, we find no abuse of discretion. The passage of time may have so altered conditions that the adjudication was irrelevant to the issue of defendant's mental condition at the time of the offense. See: 22A C.J.S. Criminal Law § 620(3).

Defendant's fourth allegation of error concerns the use made of the photograph of the victim's body in the prosecution's closing argument. As already noted, the photograph itself was not inflammatory. No objection was raised either during or after the state's closing argument, concerning the use made of the picture therein. The challenge arises only on this appeal. An objection raised for the first time on appeal comes too late. Boehler v. Sanders, 146 Mont. 158, 404 P.2d 885; Carpenter v. Free, 138 Mont. 552, 357 P.2d 882; Hayward v. Richardson Const. Co., 136 Mont. 241, 347 P.2d 475.

Defendant's final allegation of error relates to jury instructions. Many of these challenges are presented in summary fashion, and they will be dealt with in like manner here.

The instruction defining the degrees of murder is phrased in the language of section 94-2503, R.C.M. 1947. Defendant's

objection cannot be allowed.

Defendant also objected to an instruction defining and explaining the element of premeditation in the first degree murder. Since defendant was not convicted of this crime, the alleged error is irrelevant. This Court has previously held in State v. Le Duc, 89 Mont. 545, 566, 300 P. 919, under similar circumstances:

> " * * * Since the defendant was convicted of second degree murder only, it follows that the jury must have concluded that there was no deliberation, and hence he was not prejudiced by the court's instruction even though it be assumed that it was erroneous."

The district court refused an instruction which would have informed the jury of section 95-508, R.C.M. 1947, providing that a person acquitted by reason of mental disease or defect shall be committed to the state hospital until cured. While the proposed instruction accurately states the law, it does not follow that the district court erred in refusing to give it.

Defendant urges that we adopt the rationale employed in Lyles v. United States, 103 U.S.App.D.C. 22, 254 F.2d 725; cert. den. 356 U.S. 961, 78 S.Ct. 997, 2 L ed 2d 1067; cert. den. 362 U.S. 943, 80 S.Ct. 809, 4 L ed 2d 771; cert. den. 368 U.S. 992, 82 S.Ct. 610, 7 L ed 2d 529. While that case reflects the rule in that jurisdiction that such an instruction must be given, we note that this position has been expressly rejected in a number of jurisdictions. See, e.g. State v. Garrett, (Mo. 1965), 391 S.W.2d 235; State v. Conforti, 53 N.J. 239, 250 A.2d 6; State v. Hood, 123 Vt. 273, 187 A.2d 499, 11 ALR3d 732; Lonquest v. State, (Wyo. 1972), 495 P.2d 575; cert. den. 409 U.S. 1006, 93 S.Ct. 432, 34 L ed 2d 299; Pope v. United States, (CA5 1962), 298 F.2d 507.

The cited cases, and many others collected in the Annotation at 11 ALR3d, 737-753, adopt the position of the concurring

opinion subscribed to by three of the judges in Lyles. The result of an acquittal by reason of mental disease or defect is a wholly extraneous consideration, not connected with the jury's role in determining factual issues properly before it.

Our rationale here is not unlike that which we adopted in State v. Zuidema, 157 Mont. 367, 374, 485 P.2d 952, where we said:

> " * * * an instruction of this type allows irrelevant matters to be considered by the jury which may influence its decision aside from the standard of proof by the evidence beyond a reasonable doubt. * * * By instructing a jury on various possibilities of sentence, the court suggests that it should give weight to that possibility in reaching a verdict."

Although the instruction involved in Zuidema concerned potential sentence, while here we deal with commitment following acquittal, the rationale remains the same. The jury's function is to determine the facts relevant to guilt or innocence. It should not concern itself with alternatives available to the court following the verdict. Accordingly, we find no error in the district court's refusal to instruct on this matter.

We have noted the other instructions proposed by defendant which the district court refused to give. Each was either covered by other instructions given or was not appropriate under the evidence in the case.

The judgment of the district court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 9 -