STATE OF NEBRASKA, APPELLEE, v. WILLIAM
REITENBAUGH, APPELLANT.

284 N. W. 2d 19

Filed October 2, 1979. No. 42597.

James T. Hansen, for appellant.

Paul L. Douglas, Attorney General, and G. Roderic Anderson, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is an appeal from a conviction of failure to

appear as per section 29-908, R. S. Supp., 1978. The defense was not guilty by reason of insanity. The court sentenced the defendant to a term of 3 years in the Nebraska penal complex. The defendant appeals assigning a single error, that the trial court refused to instruct the jury as to the consequences of a verdict of not guilty by reason of insanity. We affirm.

On March 20, 1978, the defendant was sentenced to a term of 1 year in the Nebraska penal complex on a charge of third offense driving while intoxicated. At the request of the defendant, the court delayed the date on which the defendant was to begin his sentence and continued the defendant's bond, ordering and directing him to appear 30 days thereafter and surrender himself to the sheriff of Scotts Bluff County, Nebraska. The defendant failed to appear as ordered or within 3 days of the date required. The defendant was later arrested in Denver, Colorado, and returned from that state in October 1978. At a jury trial, defendant tendered the defense of not guilty by reason of insanity. We shall not discuss the appropriateness of the giving of an instruction on the defense of not guilty by reason of insanity since the State does not argue that the instruction was inappropriate. We do, however, note in passing that all witnesses, an area physician, a clinical psychologist, and an alcohol intake officer failed to testify that, in fact, the defendant had a mental illness or was insane on March 20, 1978, or any other day thereafter. Their testimony simply was to the effect that he had an excessive alcohol problem, had a tendency to be irresponsible, possessed a passive, aggressive personality, and had a somewhat disturbed and unfortunate childhood. The point presented to this court is a new one to our jurisprudence. Defendant cites Lyles v. United States, 254 F. 2d 725, a 1957 case, in which the Court of Appeals of the District of Columbia held that such an instruction was required;

that while the average jury person will usually know generally the consequences if he votes guilty or not guilty, he does not have knowledge of the consequences of a verdict of not guilty by reason of insanity. Absent a statute, the rule has not been widely followed. To the contrary are Lonquest v. State (Wyo., 1972), 495 P. 2d 575; People v. Adams, 26 N. Y. 2d 129, 309 N. Y. S. 2d 145, 257 N. E. 2d 610; State v. French, Jr., 166 Mont. 196, 531 P. 2d 373; Pope v. United States, 372 F. 2d 710 (8th Cir., 1967). In that case the Eighth Circuit reviewed the instruction given by Judge Van Pelt of the United States District Court which read as follows: " '[Y]ou have no right to take into consideration, in event you should find him not guilty, whether defendant would be kept in custody and if so for how long such custody would continue, or whether he would be entitled to early or immediate freedom. As a matter of fact, the matter should not even be discussed by you in determining the issue of sanity or insanity. You are to determine only whether the defendant is guilty or not guilty as charged. * * *' " In referring to the trial court, the Eighth Circuit Court of Appeals said: "We, however, find no error and see no reason why we should depart from the long-established principle that, in the absence of some specific statutory provision, a defendant's disposition is not a matter for the jury's concern." This rule has long been the law in Nebraska. See NJI No. 14.80 and cases cited thereunder. Further, see the cases cited at 11 A. L. R. 3d 737. Logically, we see no reason why, if requested by the defendant, an instruction similar in content to NJI No. 14.80 should not be given to the effect that the jury shall have no right to speculate and shall not consider the disposition of the defendant in the event he is found not guilty by reason of insanity.

The judgment of the trial court is affirmed.

AFFIRMED.

McCOWN and CLINTON, JJ., concur in the result.