MR. JUSTICE DALY
dissenting:
I dissent.
The right to indemnity is an equitable principal based on the general theory that one compelled to pay for damages caused by another should be able to seek recovery from that party. May Trucking Co. v. International Harvester (1975), 97 Idaho 319, 543 P.2d 1159.
A suit for indemnification is generally allowed where, “the parties are not in pari delicto, and an injury results from the act of one party whose negligence is the primary, active and proximate cause of the injury, and another party, who is not negligent or whose negligence is remote, passive and secondary, is nevertheless exposed to liability by acts of the first party . . .” Great Northern Railway Co. v. United States (D.Mont. 1960), 187 F.Supp. 690, 693.
In its suit for indemnification respondent alleged, by way of a third party complaint, that appellant, due to his negligent misrepresentation to the McCartys, breached the standard of care established by the real estate profession. Respondent then went on to state that, as a result of this breach, appellant should indemnify *314 respondent, as a third party plaintiff, for any sums due and owing the McCartys. In response to the third party complaint, appellant entered by way of an answer, a specific denial to respondent’s averments of negligence. Appellant, however, asserted no affirmative defenses or counterclaims to the suit.
To establish a right of indemnity, as set forth in its third party complaint, respondent must prove that appellant, due to his misstatements as to the property shown the McCartys, breached a standard of care established by the real estate profession and, thus, is liable for any sums due and owing resulting from the negligent misrepresentation. Respondent has failed in this regard; thus, it was not entitled to prevail on the suit for indemnification.
In support of his argument that respondent failed to establish any negligent behavior, appellant asserts that the testimony and evidence offered at trial reveals that the McCartys place no reliance upon the alleged misrepresentation as required to establish a cause of action for negligent or fraudulent misrepresentation.
As a basis for this contention, appellant makes note of the contract for deed between respondent and McCartys. Included in this contract is the following provision:
“18. Buyers acknowledge that they have examined and inspected the property and are fully familiar and acquainted therewith and that they are entering into this agreement based upon their own examination and inspection, and that no representations of any kind concerning the property have been made by the Sellers or anyone acting on behalf of the Sellers.”
A similar contract provision was interpreted in Schulz v. Peake (1978), 178 Mont. 261, 583 P.2d 425, 35 St.Rep. 1295. The Court in Schulz held that the language in such a contract clause is clear and unambiguous and, thus, is to be enforced as made by the parties. The Court then went on to affirm the lower court’s decision that the "complete investigation” clause insulates the sellers from an allegation of fraudulent representation.
Upon examining the contract provision and giving it effect as made by the parties, it is clear and apparent that the McCartys *315 denied any reliance on any representations of the seller or the seller’s agent and entered into the agreement based on their own examination and inspection. With this being the case, the essential element of reliance upon the seller’s representations, needed to support a cause of action for fraud or negligent misrepresentation, is eliminated.
Respondent contends that even if it is determined that it was not liable to McCartys for representations made by appellant, it is still entitled to indemnification for the costs of the settlement. In support of this contention, respondent cites Great Northern Railway Co., supra.
In Great Northern Railway Co. the plaintiff (indemnitee) had been sued by a business invitee who was injured when struck by a mail pouch thrown by a United States Government postal transportation clerk. The plaintiff settled the action with the injured party and then initiated suit against the United States Government for indemnity.
One of the issues on appeal in that case was whether the plaintiff is precluded from recovery for a payment, voluntarily made, in view of a finding that plaintiff’s agent was not negligent. The court, in deciding the issue, stated that since the defendant had refused the tender of defense of the original action, plaintiff was justified in effecting a fair and reasonable settlement without resisting the litigation instituted by the injured party to the point of judgment. Great Northern Railway Co., 187 F.Supp at 697.
Appellant contends that the present case involves a different factual situation and, thus, is distinguishable from Great Northern Railway Co. First of all, the court placed a great deal of reliance on the fact that the defendant (indemnitor) was given notice of the original suit yet refused to tender a defense. In the present case, respondent merely sued for indemnification by means of a third party complaint with no demand being made, or one refused, that appellant tender defense of the action brought by the McCartys. Furthermore, in Great Northern Railway Co., it was only the plaintiff’s agent who was found not negligent; the defendant’s *316 agent’s liability for the injuries still remained, thus, still entitling the injured third party to a recovery. Here, however, not only was respondent’s liability eliminated by the contract provision entered into by McCartys, but appellant’s liability to the parties as well.
Respondent also cites Washington Water Power Co. v. Morgan Electric Co. (1968), 152 Mont. 126, 448 P.2d 683, in support of its argument that it is entitled to indemnification in spite of liability. The Court in this case found that:
“Where, as here, the indemnitor and his insurer, after notice, refuse to defend the indemnitee; breach the indemnity agreement; refuse to participate in settlement negotiations or defend after demand; know the amount of the settlement and make no objections; the indemnitee is entitled to judgment as a matter of law in the amount of any settlement paid by it in good faith absent proof that the settlement is unreasonable.” 448 P.2d at 689.
Appellant again would have this Court distinguish the case at issue in that here there is no indemnity agreement; no demand or refusal to tender a defense; and no prior notice of the settlement negotiations or allowance to participate therein. Furthermore, the defendant indemnitor in Washington Water Power Co. was specifically found to be negligent, which, based upon the lack of reliance on appellant’s representations, is not the case in this instance.
In essence, appellant argues that prior to a proper indemnification for settlement costs the following elements must be present: (1) notice and refusal to tender a defense; (2) justification for seeking a settlement, with the appellant contending that said justification arises only when the indemnitee is exposed to actual liability (as opposed to mere potential liability); and (3) that the settlement be fair and reasonable. Appellant then argues that since respondent failed to give notice and demand a tender of defense and respondent failed to establish exposure to actual liability, it is not entitled to an indemnification for its settlement costs.
As to the requirement of notice, although there is authority to the contrary, as a general rule the liability of an indemnitor does not *317 depend on the reception of a notice that indemnitee is subject to a suit for injuries caused by the indemnitor’s negligent acts. 41 C.J.S. Indemnity, § 26, at 604. Even if notice would be a requirement, filing of a third party complaint by indemnitee seeking recovery from indemnitor, such as occurred here, would be sufficient.
As to justificiation of the settlement, the authorities are divided on whether actual liability is required or whether mere potential liability will suffice. See Blockston v. United States (D.Md.1968), 278 F.Supp. 576, 586. The majority of the courts hold, however, that when an indemnitee seeks reimbursement from his indemnitor for a payment made by him in discharge of a claim, he is not bound to submit a suit to judgment before paying the claim; but, if the indemnitee settles prior to judgment, as a condition of recovery from his indemnitor, he is under the necessity of proving he was actually liable for the amount paid. United Boatbuilders, Inc. v. Tempo Products Co. (1969), 1 Wash.App. 177, 459 P.2d 958; Nelson v. Sponberg (1957), 51 Wash.2d 371, 318 P.2d 951; see also Ke- Wash Co. v. Stauffer Chemical Co. (Iowa 1970), 177 N.W.2d 5; Williams v. Johnston (1968), 92 Idaho 292, 442 P.2d 178; 42 C.J.S. Indemnity, § 25, at 604-604.
The contract entered into between the parties, if it is given effect by the Court, contains a clause that has been held to insulate the seller and the seller’s agent from a claim of fraudulent or negligent misrepresentations. With this being the case, respondent is unable to prove actual liability on the part of appellant. Thus, respondent is not entitled to an accruement of the right to indemnification for settlement costs.
I acknowledge that the lower court determined that appellant was liable for negligent misrepresentation. I also note, however, that the trial court ignored appellant’s argument that the contract for deed refutes the charges brought by eliminating an essential factor required to establish the cause of action.
It is a well-settled rule of law that the finder of fact will not be reversed on appeal unless the evidence clearly preponderates against the findings. Berdine v. Sanders County (1974), 164 Mont. *318 206, 520 P.2d 650. The findings in this case, however, are not supported by the evidence presented. Thus, the decision of the District Court should be reversed.